GROSSMAN, Appellant,

v.

MATHLESS & MATHLESS, C.P.A. et al., Appellees.

[Cite as *Grossman v. Mathless & Mathless, C.P.A.* (1993), 85 Ohio App.3d 525.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–1435.

Decided March 30, 1993.

*Michael D. Juhola,* for appellant.

*Kimpel, Hyland, Weinkin & Goodson, Brett C. Goodson* and *J. Scott Mullins,* for appellees.

---

PEGGY BRYANT, Presiding Judge.

Plaintiff-appellant, Neal L. Grossman, appeals from a judgment of the Franklin County Municipal Court granting defendants-appellees, Mathless & Mathless, C.P.A., Norman Mathless, and Gene Mathless, judgment in the amount of $10,000 on their motion for sanctions against plaintiff pursuant to R.C. 2323.51.

On June 11, 1991, plaintiff filed a complaint against defendants, asserting that defendants had breached their contract with him by violating the standards of practice applicable to certified public accountants, and by failing to comply with their duty of diligence, loyalty, and performance, all proximately causing damages to plaintiff.

Thereafter, plaintiff filed a series of motions, including a "Motion to Strike, Reply, Answer, and Denial of Affirmative Defenses," a "Motion for Partial Summary Judgment," a "Motion to Quash Notice of Taking Depositions of Plaintiff," a "Motion to Compel Answers to Interrogatories," and a "Motion to

Award Sanctions." Thereafter, plaintiff filed a motion to voluntarily dismiss his action, but withdrew the motion a week later. Defendants responded to each of the motions plaintiff filed, with the exception of those withdrawn. However, at the scheduled hearing on his motions, plaintiff withdrew them.

Ultimately, on June 25, 1992, plaintiff dismissed his action without prejudice pursuant to Civ.R. 41(A)(1)(a). Defendants responded with a motion filed on July 13, 1992 seeking to impose sanctions against plaintiff for engaging in frivolous conduct under R.C. 2323.51. Specifically, defendants requested $10,005 in attorney fees, $234 in paralegal and clerk fees, and $1,856.31 in litigation expenses, for a total of $12,095.31. Following full briefing of defendants' claim for sanctions, the trial court on October 6, 1992, granted defendants' motion, awarding them $10,000 in sanctions against plaintiff for plaintiff's frivolous conduct in pursuing the claim set forth in his complaint.

Plaintiff appeals therefrom, assigning the following errors:

"*First Assignment of Error*

"The trial court erred in not granting plaintiff-appellant's motion to dismiss defendants-appellees' motion to impose sanctions on plaintiff-appellant for engaging in frivolous conduct (R.C. 2323.51). (Plaintiff-appellant's prehearing motion to dismiss is attached hereto as Exhibit A and was argued at the August 12, 1992 hearing at Tr. 5–9.)

"*Second Assignment of Error*

"The trial court erred in finding that appellant's conduct constituted frivolous conduct under R.C. 2323.51(A)(2).

"*Third Assignment of Error*

"The trial court erred in awarding sanctions against appellant under R.C. 1901.13."

■ In his first assignment of error, plaintiff contends that the trial court erred in not granting his motion to dismiss defendants' motion for sanctions; plaintiff asserts that on plaintiff's filing a motion to dismiss pursuant to Civ.R. 41(A)(1)(a), the trial court lost all jurisdiction to render any further order or relief in this case. Plaintiff relies on this court's opinion in *Otworth v. Dept. of Mental Health* (Oct. 13, 1992), Franklin App. No. 92AP–555, unreported, 1992 WL 292372, wherein this court noted that Civ.R. 41(A) allows a plaintiff to dismiss an action without order of the court, and that once such a dismissal has occurred, the trial court is divested of further jurisdiction to enter an order or render judgment.

Defendants counter that the United States Supreme Court addressed a similar issue in *Cooter & Gell v. Hartmarx Corp.* (1990), 496 U.S. 384, 110 S.Ct. 2447, 110

L.Ed.2d 359, determining that following a voluntary dismissal pursuant to Fed.R.Civ.P. 41, the trial court retains jurisdiction to impose sanctions pursuant to Fed.R.Civ.P. 11. Plaintiff attempts to distinguish *Cooter & Gell* by virtue of the different language employed in the federal version of Civ.R. 41 as compared with the Ohio version, and by the allegedly differing policies that underlie Fed.R.Civ.P. 11 and R.C. 2323.51.

While *Cooter & Gell* is not binding on this court, in addressing a similar issue in *Andy Estates Dev. Corp. v. Bridal* (1991), 68 Ohio App.3d 455, 588 N.E.2d 978, we found the reasoning of *Cooter & Gell* instructive and held that a trial court retains jurisdiction in limited circumstances to enter further orders following a plaintiff's voluntary dismissal under Civ.R. 41(A)(1)(a). Indeed, plaintiff concedes that, despite a voluntary dismissal under Civ.R. 41(A)(1)(a), the trial court may entertain a proper motion and act thereon. Accordingly, the trial court may act on a properly filed motion pursuant to R.C. 2323.51 despite plaintiff's voluntary dismissal under Civ.R. 41(A)(1)(a).

Plaintiff's first assignment of error is overruled.

In his third assignment of error, plaintiff contends that the trial court nonetheless lacked jurisdiction over defendants' claim for sanctions under R.C. 2323.51, as defendants' claim exceeds the monetary jurisdictional limits of the municipal court.

Pursuant to R.C. 1901.17, the municipal court "shall have original jurisdiction only in those cases where the amount claimed by any party * * * does not exceed $10,000. * * * Judgment may be rendered in excess of the jurisdictional amount, when the excess consists of interest, damages for detention of personal property, or costs accrued after the commencement of the action."

Defendants' claim for sanctions under R.C. 2323.51 in the amount of $12,095.31 exceeds the jurisdictional limits of the trial court. Defendants respond that under R.C. 1901.13 the trial court possesses the inherent power to administer justice, which includes the ability to award attorney fees as appropriate under R.C. 2323.51(B)(3). Further, defendants note that the trial court's judgment did not exceed the jurisdictional limits of that court, but only the claim for relief did so.

R.C. 1901.13 does not expand the jurisdictional limits of the municipal court. Cf. *Rose v. Associates Discount Corp.* (1959), 169 Ohio St. 321, 8 O.O.2d 319, 159 N.E.2d 459. When the municipal court is presented with a claim in excess of the monetary jurisdictional limits of the court, the trial court properly should either dismiss, or, where appropriate, certify the case to the common pleas court. Defendants' claim for sanctions exceeded the jurisdictional limits of the municipal court, regardless of the amount actually awarded. Thus, the trial court

lacked the subject matter jurisdiction to hear defendants' claim for sanctions and erred in rendering judgment thereon, regardless of the amount awarded. Accordingly, plaintiff's third assignment of error is sustained.

Plaintiff's second assignment of error asserts that the trial court's judgment is against the manifest weight of the evidence. However, plaintiff's third assignment of error having been sustained, his second assignment of error is moot. App.R. 12(A). Hence, the second assignment of error is overruled.

Having overruled plaintiff's first and second assignments of error, but having sustained his third assignment of error, we reverse the judgment of the trial court and remand the cause with instructions to vacate the judgment rendered on defendants' claim for sanctions under R.C. 2323.51.

*Judgment reversed*
*and cause remanded.*

WHITESIDE and CACIOPPO, JJ., concur.

MARY CACIOPPO, J., retired, of the Ninth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.