[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 264.]

**[THE STATE EX REL.] WARREN, APPELLANT, *v.* BOGGINS, JUDGE, APPELLEE.**

**[Cite as *State ex rel. Warren v. Boggins*, 1999-Ohio-58.]**

*Mandamus sought to compel common pleas court judge to conduct an evidentiary hearing on relator's postsentence motion to withdraw his no contest plea—Dismissal of action affirmed, when.*

(No. 99-1353—Submitted October 12, 1999—Decided December 1, 1999.)

APPEAL from the Court of Appeals for Stark County, No. 1999CA00199.

————————————

{¶ 1} In June 1999, appellant, Frank A. Warren, filed a complaint in the court of appeals for a writ of mandamus to compel appellee, Stark County Court of Common Pleas Judge John F. Boggins, to conduct an evidentiary hearing on Warren's postsentence motion to withdraw his no contest plea. The court of appeals dismissed the complaint.

{¶ 2} This cause is now before the court upon an appeal as of right.

————————————

*Frank A. Warren, pro se*.

*Robert D. Horowitz*, Stark County Prosecuting Attorney, and *Ronald Mark Caldwell*, Assistant Prosecuting Attorney, for appellee.

————————————

***Per Curiam.***

{¶ 3} We affirm the judgment of the court of appeals. A writ of mandamus will not be issued when there is a plain and adequate remedy in the ordinary course of the law. R.C. 2731.05; *State ex rel. Natl. Electrical Contractors Assn. v. Ohio Bur. of Emp. Serv.* (1998), 83 Ohio St.3d 179, 183, 699 N.E.2d 64, 67.

{¶ 4} As the court of appeals correctly held, Warren has an adequate remedy by appeal from any judgment denying his postsentence motion to withdraw his plea

in order to raise his claim that Judge Boggins erred by not holding an evidentiary hearing. See, *e.g.*, *State v. Hamed* (1989), 63 Ohio App.3d 5, 577 N.E.2d 1111; *State v. Legree* (1988), 61 Ohio App.3d 568, 573 N.E.2d 687; see, also, *Gause v. Zaleski* (1999), 85 Ohio St.3d 614, 615, 710 N.E.2d 684, 685-686, in which we similarly affirmed the dismissal of a mandamus action because the relator had an adequate remedy at law by appeal to raise his claim that his sentencing court erred in not conducting evidentiary hearings before dismissing his postconviction relief petitions.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____