[THE STATE EX REL.] WARREN, APPELLANT, *v.* BOGGINS, JUDGE, APPELLEE.

[Cite as *State ex rel. Warren v. Boggins* (1999), 87 Ohio St.3d 264.]

(No. 99–1353—Submitted October 12, 1999—Decided December 1, 1999.)

*Frank A. Warren*, pro se.

*Robert D. Horowitz*, Stark County Prosecuting Attorney, and *Ronald Mark Caldwell*, Assistant Prosecuting Attorney, for appellee.

**Per Curiam.** We affirm the judgment of the court of appeals. A writ of mandamus will not be issued when there is a plain and adequate remedy in the ordinary course of the law. R.C. 2731.05; *State ex rel. Natl. Electrical Contractors Assn. v. Ohio Bur. of Emp. Serv.* (1998), 83 Ohio St.3d 179, 183, 699 N.E.2d 64, 67.

As the court of appeals correctly held, Warren has an adequate remedy by appeal from any judgment denying his postsentence motion to withdraw his plea in order to raise his claim that Judge Boggins erred by not holding an evidentiary hearing. See, *e.g., State v. Hamed* (1989), 63 Ohio App.3d 5, 577 N.E.2d 1111; *State v. Legree* (1988), 61 Ohio App.3d 568, 573 N.E.2d 687; see, also, *Gause v. Zaleski* (1999), 85 Ohio St.3d 614, 615, 710 N.E.2d 684, 685–686, in which we similarly affirmed the dismissal of a mandamus action because the relator had an adequate remedy at law by appeal to raise his claim that his sentencing court erred in not conducting evidentiary hearings before dismissing his postconviction relief petitions.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.