[This decision has been published in *Ohio Official Reports* at 96 Ohio St.3d 84.]

THE STATE EX REL. HUMMEL ET AL., APPELLANTS, *v.* SADLER, JUDGE, APPELLEE.

[Cite as *State ex rel. Hummel v. Sadler*, 2002-Ohio-3605.]

*Mandamus and prohibition sought to compel common pleas court judge from exercising any jurisdiction in a noncompetition agreement case, to prevent the judge from adopting or enforcing a magistrate's decision, to vacate three of the judge's previous entries, and to dismiss the case—Court of appeals' dismissal of complaints for writs of prohibition and mandamus affirmed, when—Allegation of frivolous conduct—Trial court did not patently lack jurisdiction over motion for sanctions under Civ.R. 45(E).*

(No. 2001-1949—Submitted May 7, 2002—Decided July 31, 2002.)

APPEAL from the Court of Appeals for Franklin County, No. 01AP-397.

_____

**Per Curiam.**

{¶1} In August 1998, Capitol Mortgage Services, Inc. sued three former employees, Jon Hummel, Steve Gombosch, and Len Finelli, alleging that they had breached the terms of their noncompetition agreements when they left Capitol and went to work for Macloud Financial, Inc. Hummel, Gombosch, and Finelli retained attorneys John W. Ferron and Sloan T. Spaulding, both of Ferron & Associates, L.P.A., to represent them.

{¶2} In December 1998, Gombosch sent a letter to Ferron stating that he felt it was in his (Gombosch's) best interest to personally discuss a proposed settlement with Capitol and that he appreciated Ferron's representation of him but that he wanted to end the process. Gombosch also requested that Ferron send him a bill for attorney fees. Gombosch thereafter personally entered into settlement negotiations with Capitol, through its attorney, Bridgette C. Roman, as well as with

Macloud, which was not a party to the litigation, through its attorney, David S. Kessler.

{¶3} In February 1999, on behalf of Hummel and Finelli, Ferron moved to disqualify Roman and her law firm from further representing Capitol. He claimed that Roman should not have conducted settlement negotiations with Ferron's client, Gombosch, without Ferron's consent.

{¶4} In April 1999, appellee, Judge Lisa L. Sadler of the Franklin County Court of Common Pleas, denied the motion to disqualify. Judge Sadler found that Gombosch had terminated Ferron's representation before he entered into settlement negotiations with Capitol. Judge Sadler further noted that the court would consider a motion for sanctions against Ferron if Capitol filed one.

{¶5} In August 1999, Capitol moved for sanctions under Civ.R. 11 and R.C. 2323.51, alleging that Ferron's motion to disqualify Roman was frivolous. Ferron subpoenaed Kessler, Gombosch, and Roman and certain records belonging to them for a hearing before a magistrate on the motion. In January 2000, Judge Sadler granted Roman and Kessler's motions to quash the subpoenas.

{¶6} Thereafter, on January 14, 2000, Kessler moved for an order compelling Hummel or his counsel, Ferron, to reimburse Kessler for his expenses associated with the subpoenas.

{¶7} On February 8, 2000, the remaining parties to the common pleas court case, Capitol and Hummel, stipulated to the withdrawal of all of their pending motions and to a Civ.R. 41(A)(1)(b) dismissal of the remaining claims. On February 10, 2000, Judge Sadler issued an order for the Clerk of the Franklin County Court of Common Pleas to remove certain motions from a "Motions Report" because the "motions ha[d] been decided or rendered moot." One of these motions was Kessler's January 14, 2000 motion for reimbursement.

{¶8} By entries dated February 16 and 17, 2000, Judge Sadler referred Kessler's motion for reimbursement, i.e., for sanctions under Civ.R. 45, to a

magistrate to determine whether the subpoenas subjected Kessler and his law firm to an undue burden and, if so, the appropriate sanctions to be imposed against Hummel or Ferron. Judge Sadler determined that the stipulation of dismissal filed by Capitol and Hummel did not moot Kessler's pending motion for reimbursement because Kessler, "a non-party to this action, was not a signatory to that document, and may not be bound by its terms."

{¶9} In April 2000, Hummel, through Ferron, filed a motion to rescind the February 16 and 17, 2000 entries referring Kessler's motion for reimbursement to a magistrate. In May 2000, Judge Sadler denied the motion to rescind. Judge Sadler concluded that the court retained jurisdiction over Kessler's motion for reimbursement brought under Civ.R. 45 despite the stipulated dismissal of the case.

{¶10} On May 15, 2000, the magistrate for the common pleas court issued a decision recommending that the court grant Kessler's motion and award him attorney fees against Ferron in the amount of $4,168.18. The magistrate noted that Judge Sadler's February 10, 2000 order to the clerk of the court was simply a clerical act eliminating motions from a court list but having no substantive effect on the motion. On June 2, 2000, Judge Sadler adopted the magistrate's decision ordering Ferron to pay Kessler $4,168.18.

{¶11} On appeal, in February 2001, the Court of Appeals for Franklin County reversed the June 2, 2000 judgment because the trial court had failed to consider Ferron's objections to the magistrate's decision. The court of appeals determined that, although Ferron's objections had been filed after the deadline set forth in Civ.R. 53(E)(3)(a), i.e., 14 days after the magistrate's decision is filed, they should have been considered because Ferron had never been properly served with the magistrate's decision. The court of appeals held, "Because we believe that the trial court should independently rule on the issues as to whether or not the subpoena of the Kessler firm was a frivolous action and, if so, what sanctions should attach, we vacate the trial court's judgment and remand the cause for further proceedings."

**{¶12}** In March 2001, upon remand, Judge Sadler ordered the clerk to serve the May 15, 2000 magistrate's decision, and a copy of the decision was mailed to Ferron.

**{¶13}** In April 2001, appellants, Hummel and Ferron, filed a complaint in the Court of Appeals for Franklin County for writs of prohibition and mandamus to order Judge Sadler to refrain from exercising any jurisdiction in the underlying common pleas court case, to prevent her from adopting or enforcing the May 15, 2000 magistrate's decision, to vacate her February 16, May 4, and June 2, 2000 entries, and to dismiss the case. Judge Sadler filed a Civ.R. 12(B)(6) motion to dismiss the complaint for failure to state a claim upon which relief can be granted, and appellants filed a motion for summary judgment.

**{¶14}** In June 2001, a magistrate for the court of appeals issued a decision recommending that the court grant Judge Sadler's Civ.R. 12(B)(6) dismissal motion and deny appellants' motion for summary judgment. The magistrate concluded that appellants had an adequate remedy at law to raise their claims. In October 2001, the court of appeals overruled appellants' objections to the magistrate's decision, approved and adopted the decision, and dismissed appellants' complaint for writs of prohibition and mandamus. This cause is now before the court upon appellants' appeal as of right.

Use of Civ.R. 12(B)(6) on "Merits" Issues in Writ Cases

**{¶15}** Appellants initially assert that the court of appeals erred in granting Judge Sadler's motion to dismiss based upon the availability of an adequate remedy at law because this is an adjudication on the merits, which is improper under Civ.R. 12(B)(6). Appellants cite *State ex rel. Birdsall v. Stephenson* (1994), 68 Ohio St.3d 353, 626 N.E.2d 946, in support of this proposition.

**{¶16}** But, as Judge Sadler notes, we subsequently clarified *Birdsall* and resolved its apparent conflict with our previous approval of Civ.R. 12(B)(6) dismissals based on "merits" issues:

4

**{¶17}** "We have previously noted that Civ.R. 12(B)(6) motions attack the sufficiency of the complaint and may not be used to summarily review the merits of a cause of action in mandamus. *State ex rel. Horwitz v. Cuyahoga Cty. Court of Common Pleas, Probate Div.* (1992), 65 Ohio St.3d 323, 325, 603 N.E.2d 1005, 1007; *Assn. for the Defense of the Washington Local School Dist. v. Kiger* (1989), 42 Ohio St.3d 116, 117, 537 N.E.2d 1292, 1293.  We have further stated that a claim that a relator possesses an adequate legal remedy precluding a writ of mandamus seeks an adjudication on the merits, which is normally improper in a Civ.R. 12(B)(6) determination. *State ex rel. Birdsall v. Stephenson* (1994), 68 Ohio St.3d 353, 355, 626 N.E.2d 946, 949.  Nevertheless, in other cases, we have affirmed dismissals pursuant to Civ.R. 12(B)(6) based upon the existence of an adequate remedy at law. *State ex rel. Sobczak v. Skow* (1990), 49 Ohio St.3d 13, 14, 550 N.E.2d 455, 456; *State ex rel. Daggett v. Gessaman* (1973), 34 Ohio St.2d 55, 63 O.O.2d 88, 295 N.E.2d 659, paragraph three of the syllabus.

**{¶18}** "*In reconciling this seeming conflict, we interpret the language of Kiger, Horwitz, and Birdsall to be limited to the precept that a Civ.R. 12(B)(6) dismissal based upon the merits is unusual and should be granted with caution, rather than setting forth a new standard.  As always, the applicable standard is that set forth in O'Brien [v. Univ. Community Tenants Union, Inc. (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus].  In other words, Civ.R. 12(B)(6) is appropriate in certain cases where 'merits' issues are raised.*"  (Emphasis added.) *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.* (1995), 72 Ohio St.3d 106, 108-109, 647 N.E.2d 799.

**{¶19}** Following *Edwards*, in appropriate cases, we have continued to affirm dismissals of extraordinary writ actions because of the presence of an adequate remedy in the ordinary course of the law.  See, e.g., *State ex rel. Butler Cty. Children Serv. Bd. v. Sage* (2002), 95 Ohio St.3d 23, 764 N.E.2d 1027 (mandamus); *Brooks v. Gaul* (2000), 89 Ohio St.3d 202, 729 N.E.2d 752

(prohibition); *State ex rel. Warren v. Boggins* (1999), 87 Ohio St.3d 264, 719 N.E.2d 549 (mandamus); see, also, *State ex rel. Natl. Elec. Contrs. Assn., Ohio Conference v. Ohio Bur. of Emp. Serv.* (1998), 83 Ohio St.3d 179, 699 N.E.2d 64, 67 (affirmance of Civ.R. 12[B][6] dismissal of mandamus action on those claims in which prevailing wage law provided adequate remedy).

{¶20} Therefore, *Edwards* thwarts appellants' reliance on *Birdsall*. Civ.R. 12(B)(6) dismissals may be based on "merits" issues such as the availability of an adequate remedy in the ordinary course of law. The applicable Civ.R. 12(B)(6) standard is whether, after presuming the truth of all material factual allegations in the complaint and all reasonable inferences therefrom in relators' favor, it appears beyond doubt that relators can prove no set of facts warranting relief. *Taylor v. London* (2000), 88 Ohio St.3d 137, 139, 723 N.E.2d 1089; *Edwards*, 72 Ohio St.3d at 108, 647 N.E.2d 799.

Prohibition and Mandamus

{¶21} Appellants next assert that they have established their entitlement to the requested writs of prohibition and mandamus. Neither prohibition nor mandamus will issue if appellants have an adequate remedy in the ordinary course of law. *State ex rel. Kreps v. Christiansen* (2000), 88 Ohio St.3d 313, 316, 725 N.E.2d 663. "In the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging that jurisdiction has an adequate remedy by appeal." *State ex rel. Shimko v. McMonagle* (2001), 92 Ohio St.3d 426, 428-429, 751 N.E.2d 472.

{¶22} Appellants claim that they do not have an adequate remedy by appeal because Judge Sadler patently and unambiguously lacks jurisdiction over Kessler's motion because the underlying case had been dismissed. It is certainly true that, in general, when a trial court unconditionally dismisses a case or a case has been voluntarily dismissed under Civ.R. 41(A)(1), the trial court patently and unambiguously lacks jurisdiction to proceed, and a writ of prohibition will issue to

prevent the exercise of jurisdiction. *Page v. Riley* (1999), 85 Ohio St.3d 621, 623, 710 N.E.2d 690.

{¶23} It is equally true, however, that despite a voluntary dismissal under Civ.R. 41(A)(1), a trial court may consider certain collateral issues not related to the merits of the action. See *Cooter & Gell v. Hartmarx Corp.* (1990), 496 U.S. 384, 396, 110 S.Ct. 2447, 110 L.Ed.2d 359 (trial court retains jurisdiction to determine Fed.R.Civ.P. 11 sanctions after the principal suit has been terminated); *State ex rel. Corn v. Russo* (2001), 90 Ohio St.3d 551, 556, 740 N.E.2d 265 ("court may consider the collateral issue of criminal contempt even after the underlying action is no longer pending"); *Grossman v. Mathless & Mathless, C.P.A.* (1993), 85 Ohio App.3d 525, 528, 620 N.E.2d 160 (trial court may entertain an R.C. 2323.51 motion to impose sanctions for frivolous conduct even though underlying case has been voluntarily dismissed).

{¶24} Kessler, a nonparty who was subpoenaed by appellants in the common pleas court case, filed a motion for sanctions under Civ.R. 45(E). That rule provides that "[t]he court from which a subpoena was issued may impose upon a party or attorney in breach of the duty imposed by division (C)(1) of this rule an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fees." Civ.R. 45(C)(1) requires a party or an attorney issuing a subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena."

{¶25} The sanctions Kessler sought under Civ.R. 45(E) are comparable to those available in the collateral proceedings specified in the foregoing cases in which the courts retained jurisdiction over the collateral proceedings despite the dismissal of the underlying actions. Thus, when a case is dismissed, the trial court is not divested of jurisdiction to hear a claim for attorney fees simply because the basis for the claim is a statute or rule different from Civ.R. 11 or R.C. 2323.51.

*Miami Valley Hosp. v. Payson* (Dec. 17, 1999), Montgomery App. No. CA 17830, 1999 WL 1207064 (ERISA-based claim for attorney fees).

**{¶26}** Therefore, Judge Sadler does not patently and unambiguously lack jurisdiction over Kessler's motion for sanctions under Civ.R. 45(E). Consequently, appellants have an adequate remedy at law to raise their jurisdictional claims, and extraordinary relief in prohibition and mandamus does not lie.

**{¶27}** The cases primarily relied upon by appellants do not alter this conclusion. See *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 656 N.E.2d 1288; *Corn*, 90 Ohio St.3d 551, 740 N.E.2d 265; *Chaffins v. Bill Swad Chevrolet, Inc.* (June 28, 1983), Franklin App. No. 82AP-1025.

**{¶28}** In *Fogle* at 163-164, 656 N.E.2d 1288, we held that the trial court was divested of jurisdiction and thus lacked authority to grant custody of children to a nonparty grandmother after the parties had voluntarily dismissed their claims in an underlying divorce action, where the grandmother had not been made a party to the action before the dismissal. Unlike the nonparty in *Fogle*, the nonparty here, Kessler, filed his motion for sanctions under Civ.R. 45(E) *before* the parties dismissed the case.

**{¶29}** In addition, unlike our decision in *Corn*, 90 Ohio St.3d at 555, 740 N.E.2d 265, regarding civil contempt, the Civ.R. 45(E) motion filed by Kessler does not involve any finding of contempt.

**{¶30}** Furthermore, appellants' reliance on *Chaffins* is also misplaced. In *Chaffins*, the court of appeals held that a voluntary dismissal of an action divests a trial court of jurisdiction over a pending motion for discovery sanctions. But *Chaffins* did not involve a *nonparty's* pending claim for discovery sanctions. Cf. *Dyson v. Adrenaline Dreams Adventures* (2001), 143 Ohio App.3d 69, 72, 757 N.E.2d 401, where the principal opinion observed that a request for discovery sanctions *before* a voluntary dismissal of the case might survive the dismissal.

**{¶31}** Moreover, the order by Judge Sadler to the clerk of the common pleas court to strike Kessler's motion from the court list was merely a clerical act. It did not patently and unambiguously divest the court of its jurisdiction to consider the merits of Kessler's Civ.R. 45(E) motion for sanctions.

**{¶32}** Based on the foregoing, after construing all material factual allegations and reasonable inferences therefrom in favor of appellants, it is beyond doubt that they could prove no set of facts entitling them to the requested extraordinary relief. The court of appeals thus properly dismissed appellants' complaint for writs of prohibition and mandamus. By so holding, we decline to expressly decide appellants' claims that Judge Sadler lacked jurisdiction, because our review is restricted to whether Judge Sadler *patently and unambiguously* lacked jurisdiction. See, e.g., *Page*, 85 Ohio St.3d at 624, 710 N.E.2d 690. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK, J., concurs in judgment.

LUNDBERG STRATTON, J., not participating.

––––––––––––––––––

Ferron & Associates, John W. Ferron, Sloan T. Spalding and Dawn M. Dunker, for appellants.

Ron O'Brien, Franklin County Prosecuting Attorney, and Mary Jane Martin, Assistant Prosecuting Attorney, for appellee.

––––––––––––––––––