DECISION
{¶ 1} Relators, Eric Conkle and John W. Ferron, filed this original action requesting this court to issue a writ of prohibition and/or mandamus ordering respondents, Judge Lisa L. Sadler, and Magistrate Harold Paddock, both of the Franklin County Court of Common Pleas, to refrain from taking any further action on a motion to show cause why relator and his counsel should not be held in contempt ("contempt motion") that has been filed in Applied PerformanceTechnologies, Inc. v. Conkle (2001), Franklin C.P. No. 01-CVH07-6379 (hereinafter the "underlying action"). Respondents filed a motion to dismiss for failure to state a claim upon which relief can be granted.
{¶ 2} This court referred the matter to a magistrate pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, who issued a decision including findings of fact and conclusions of law. (See Appendix A.) The magistrate determined that, because the underlying action was unconditionally dismissed before the contempt motion was filed, respondents did not have jurisdiction to consider the motion. Therefore, the magistrate concluded that respondents' motion to dismiss should be denied and this court should issue a writ of prohibition ordering respondents to refrain from exercising further jurisdiction over the motion for contempt.
{¶ 3} Respondents have filed objections to the magistrate's decision. In turn, relators filed a memorandum in opposition to respondents' objections.
{¶ 4} The magistrate correctly begins her legal discussion with the principle that, in considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court must construe all material allegations in the complaint and all inferences that may reasonably be drawn therefrom in favor of the non-moving party. State exrel. Edwards v. Toledo City School Dist. Bd. of Edn. (1995),72 Ohio St.3d 106, 108. In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that plaintiff can prove no set of facts warranting relief. O'Brien v. University Community Tenants Union
(1975), 42 Ohio St.2d 242, and State ex rel. Jennings v. Nurre (1995),72 Ohio St.3d 596, 597.
{¶ 5} Furthermore, a writ of prohibition is an extraordinary judicial writ, the purpose of which is to restrain inferior courts and tribunals from exercising jurisdiction. State ex rel. Tubbs Jones v.Suster (1998), 84 Ohio St.3d 70, 73. A writ of prohibition is customarily granted with caution and restraint, and is issued only in cases of necessity arising from the inadequacy of other remedies. Id. In order to be entitled to a writ of prohibition, relators must establish that: (1) respondents are about to exercise judicial or quasi-judicial powers; (2) the exercise of that power is unauthorized by law; and (3) the denial of the writ will cause injury for which no other adequate remedy in the ordinary course of law exists. State ex rel. Henry v. McMonagle
(2000), 87 Ohio St.3d 543, 544. It is well-settled that neither prohibition nor mandamus will issue if there is an adequate remedy in the ordinary course of law. State ex rel. Kreps v. Christiansen (2000),88 Ohio St.3d 313, 316.
{¶ 6} Furthermore, even where there is a remedy in the ordinary course of law by appeal, a writ of prohibition will issue when a court "patently and unambiguously lacks jurisdiction to consider a matter," regardless of whether the lower court has ruled on the question of its jurisdiction. State ex rel. Corn v. Russo (2001), 90 Ohio St.3d 551,554; quoting Ohio Dept. of Adm. Serv., Office of Collective Bargainingv. State Emp. Relations Bd. (1990), 54 Ohio St.3d 48, syllabus; State exrel. Sanquily v. Lucas Cty. Court of Common Pleas (1991), 60 Ohio St.3d 78,80. In such a case, "the availability or adequacy of a remedy of appeal * * * is immaterial." State ex rel. Corn, supra, at 554, quoting Stateex rel. Adams v. Gusweiler (1972), 30 Ohio St.2d 326, 329. "In the absence of a patent and unambiguous lack of jurisdiction, a court having general subject matter jurisdiction can determine its own jurisdiction, and a party challenging that jurisdiction has an adequate remedy by appeal." State ex rel. Hummel v. Sadler, 96 Ohio St.3d 84,2002-Ohio-3605, at ¶ 21, quoting State ex rel. Shimko v. McMonagle
(2001), 92 Ohio St.3d 426, 428-429.
{¶ 7} The magistrate determined that respondents patently and unambiguously lack jurisdiction over the contempt motion because the underlying case has been dismissed. However, for the following reasons, we sustain respondents' objection to the magistrate's determination and grant respondents' motion to dismiss.
{¶ 8} In general, when a trial court unconditionally dismisses a case or a case has been voluntarily dismissed under Civ.R. 41(A)(1), the trial court lacks jurisdiction to proceed in the matter. State ex rel.Hummel, supra, at ¶ 22; Page v. Riley (1999), 85 Ohio St.3d 621,623. However, it is well-established that, despite a voluntary dismissal under Civ.R. 41(A)(1), a trial court may consider certain collateral issues not related to the merits of the action. State ex rel. Hummel, supra, at ¶ 23; Grossman v. Mathless Mathless C.P.A. (1993),85 Ohio App.3d 525, 528 (trial court may entertain an R.C. 2323.51 motion to impose sanctions for frivolous conduct even though underlying case has been voluntarily dismissed); see, also, Cooter Gell v. HartmarxCorp. (1990), 496 U.S. 384, 396, 110 S.Ct. 2447 (trial court retains jurisdiction to determine Fed.R.Civ.R. 11 sanctions after the principal suit has been terminated).
{¶ 9} Contempt is also an issue where a court may exercise continuing jurisdiction depending upon the nature of the contempt proceeding. Where the parties have settled the underlying case that gave rise to the civil contempt motion, the contempt proceeding is moot, since the case has come to an end. State ex rel. Corn, supra, at 555; Gompersv. Bucks Stove and Range Co. (1911), 221 U.S. 418, 451-452,31 S.Ct. 492. However, a court may consider the collateral issue of criminal contempt even after the underlying action is no longer pending. State exrel. Corn, supra, at 556. Therefore, the dismissal of the underlying civil action does not divest the court of common pleas of jurisdiction to conduct a criminal contempt proceeding. Id.
{¶ 10} In determining whether a contempt proceeding is civil or criminal, the pertinent test is "what does the court primarily seek to accomplish by imposing sentence?" Id. at 555, quoting Shillitani v.United States (1966), 384 U.S. 364, 370, 86 S.Ct. 1531. Civil contempt sanctions are designed for remedial or coercive purposes and are often employed to compel compliance with a court order. Criminal contempt sanctions, however, are punitive in nature and are designed to vindicate the authority of the court. State ex rel. Corn, supra, at 555; Denovchekv. Bd. of Trumbull Cty. Commrs. (1988), 36 Ohio St.3d 14, 15. Thus, civil contempts are characterized as violations against the party for whose benefit the order was made, whereas criminal contempts are most often described as offenses against the dignity or process of the court.State ex rel. Corn, supra, at 555.
{¶ 11} In the case at bar, the protective order that is the subject of the contempt motion provides that documents containing confidential material produced in discovery shall not be used for any purposes outside of the judicial proceeding. The contempt motion alleges that relators violated that order by disclosing confidential information outside of the judicial proceeding in direct violation of the court's order. Under these circumstances, it cannot be said that respondents "patently and unambiguously" lack jurisdiction over the contempt motion. However, we decline to decide whether respondents have jurisdiction over this proceeding because our analysis is restricted to determining whether respondents "patently and unambiguously" lack jurisdiction. Having found that respondents do not "patently and unambiguously" lack jurisdiction over this matter, the extraordinary writ of prohibition/mandamus cannot lie, because relators have an adequate remedy at law to raise their jurisdictional claims.
{¶ 12} Based on the foregoing, after construing all material factual allegations and reasonable inferences therefrom in favor of relators, it is beyond doubt that relators can prove no set of facts entitling them to the requested extraordinary relief.
{¶ 13} Accordingly, we adopt the findings of fact set forth in the magistrate's decision, but not the conclusions of law. We further grant respondents' motion to dismiss.
Objections sustained; Motion to dismiss granted.
LAZARUS and BROWN, JJ., concur.
 APPENDIX A IN PROHIBITION/MANDAMUS ON MOTION TO DISMISS
{¶ 14} Relator, Eric Conkle, has filed this original action requesting that this court issue a writ of prohibition ordering respondents Judge Lisa L. Sadler and Magistrate Harold Paddock, both of the Franklin County Court of Common Pleas, to refrain from taking any further action on the motion for contempt that had been filed in the case of Applied Performance Technologies, Inc. v. Eric Conkle (2001), Franklin C.P. No. 01-CVH07-6379. Respondents have filed a motion to dismiss.
Findings of Fact:
{¶ 15} 1. On July 5, 2001, Applied Performance Technologies, Inc. ("APT"), filed an action against one of its former employee's, Eric Conkle ("relator") alleging that relator had breached the terms of a noncompetition agreement that he had executed while employed with APT.
{¶ 16} 2. On July 30, 2001, an Agreed Protective Order was filed by the parties. Pursuant to the protective order, documents containing confidential material produced in discovery were not to be used for any purpose outside of the judicial proceedings.
{¶ 17} 3. On August 9, 2001, relator and six other individuals, filed a lawsuit against APT in the United States District Court, Southern District of Ohio, Eastern Division, alleging that APT had unlawfully failed to pay the named plaintiffs overtime wages to which they were lawfully due.
{¶ 18} 4. On August 10, 2001, respondent Paddock issued a decision finding that APT was not entitled to any injunctive relief against relator.
{¶ 19} 5. On August 13, 2001, APT mailed a letter to relator's counsel, John W. Ferron, another relator in this matter, designating three depositions as confidential pursuant to the agreed protective order.
{¶ 20} 6. On August 15, 2001, APT filed a notice of voluntary dismissal pursuant to Civ.R. 41(A).
{¶ 21} 7. On August 24, 2001, relator filed a motion to assess damages.
{¶ 22} 8. On October 5, 2001, APT filed a motion seeking an order to show cause why relator and his counsel should not be held in contempt for disclosing confidential information in violation of the protective order.
{¶ 23} 9. On March 18, 2002, respondent Judge Sadler issued an amended order of reference, referring to respondent Magistrate Paddock for hearing the matter involving relator's motion to assess damages and APT's motion for an order to show cause as to why relator and his counsel should not be held in contempt because of their disclosure of confidential information in violation of the agreed protective order.
{¶ 24} 10. On April 19, 2002, relator filed the instant action in this court seeking a writ of prohibition from this court prohibiting respondents from taking any further action in the common pleas court case alleging that respondents lacked jurisdiction over the contempt matter following APT's August 15, 2001 voluntary dismissal of the action.
{¶ 25} 11. Relator sought an alternative writ which was denied because relator had not adequately demonstrated, at that time, that the Franklin County Court of Common Pleas was patently without jurisdiction to determine the post-judgment motions for damages and contempt.
{¶ 26} 12. On May 20, 2002, respondents filed a motion to dismiss.
{¶ 27} 13. This matter is currently before this magistrate on respondents' motion to dismiss.
Conclusions of Law:
{¶ 28} In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court must construe all material allegations in the complaint and all inferences that may reasonably be drawn therefrom in favor of the nonmoving party. State exrel. Edwards v. Toledo City School Dist. Bd. of Edn. (1995),72 Ohio St.3d 106, 108. In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that plaintiff can prove no set of facts warranting relief. O'Brien v. University Community Tenants Union (1975),42 Ohio St.2d 242, and State ex rel. Jennings v. Nurre (1995),72 Ohio St.3d 596, 597.
{¶ 29} A writ of prohibition is an extraordinary judicial writ, the purpose of which is to restrain inferior courts and tribunals from exceeding their jurisdiction. State ex rel. Tubbs Jones v. Suster
(1998), 84 Ohio St.3d 70, 73. A writ of prohibition is customarily granted with caution and restraint, and is issued only in cases of necessity arising from the inadequacy of other remedies. Id. In order to be entitled to a writ of prohibition, relators must establish that: (1) respondents are about to exercise judicial or quasi-judicial powers; (2) the exercise of that power is unauthorized by law; and (3) the denial of the writ will cause injury for which no other adequate remedy in the ordinary course of law exists. State ex rel. Henry v. McMonagle (2000),87 Ohio St.3d 543.
{¶ 30} For the reasons that follow, this magistrate finds that respondents' motion to dismiss should be denied, and that relator's request for a writ of prohibition should be granted.
{¶ 31} Under Ohio law, a judge loses authority to proceed in a matter after he has unconditionally dismissed it. State ex rel. Ricev. McGrath (1991), 62 Ohio St.3d 70. Furthermore, a judgment rendered by a court which lacks subject matter jurisdiction is void ab initio. SeePatton v. Diemer (1988), 35 Ohio St.3d 68, paragraph three of the syllabus.
{¶ 32} In the present case, APT filed its notice of dismissal on August 15, 2001. A plaintiff's Civ.R. 41(A)(1) notice of voluntary dismissal is self-executing. See Dyson v. Adrenaline Dreams Adventures
(2001), 143 Ohio App.3d 69, 71. The trial court stamped the case and indicated that it was terminated. Nothing in APT's notice of dismissal reveals that the dismissal was conditioned upon anything. As such, the dismissal was unconditional and the trial court was divested of jurisdiction in the matter. Because APT's motion to show cause why relator should not be held in contempt was not pending at the time that the action was dismissed, respondents did not have jurisdiction, at a later time, to consider the motion.
{¶ 33} Based on the foregoing, this magistrate finds that respondents are patently without jurisdiction to consider APT's motion for an order to show cause why relator should not be held in contempt. As such, respondents' motion to dismiss should be denied and this court should issue a writ of prohibition ordering respondents to refrain from exercising further jurisdiction over APT's motion to show cause why relator should not be held in contempt.