OPINION
{¶ 1} Relators-appellants, Ted Craig, Frieda Craig, and David Craig, appeal the decision of the Fayette County Court of Common Pleas, granting the Civ.R. 12(B)(6) motion to dismiss filed by respondents-appellees, Fayette County Engineer Steven Luebbe, and Fayette County Commissioners Jack DeWeese, Tony Anderson, and Bob Peterson. We reverse the decision of the trial court and remand this matter for further proceedings.
 {¶ 2} Appellants are the owners of a parcel of real estate in Jefferson Township, Fayette County, Ohio. There has been a drainage ditch running across the property since the early 1900s. In the early 1970s, appellants and other landowners petitioned the county, pursuant to the statutory "petition ditch process," to make improvements to the ditch, and in 1974, the county modified the ditch. Appellants allege that since the 1974 construction, the ditch periodically overflows and floods their property, "in such frequency and ferociousity [sic] as to constitute a pro tanto appropriation of [their] property." In the resolution of a 1995 mandamus action brought by appellants seeking to compel appellees to initiate appropriation proceedings, appellees agreed to "prepare a design to alleviate the problems of drainage." Appellants' mandamus complaint was voluntarily dismissed, without prejudice, in 2002.
 {¶ 3} Appellees failed to make any improvements to the ditch and appellants refiled the mandamus action in September 2003, pursuant to Ohio's savings statute, R.C. 2305.19. Appellants sought to compel appellees to initiate appropriation proceedings. The trial court dismissed the action upon appellees' Civ.R. 12(B)(6) motion to dismiss. The trial court concluded that R.C. Chapter 6131, the petition ditch statute, provides appellants with an adequate remedy at law and consequently, that the complaint for mandamus failed to state a claim. Appellants appeal, raising two assignments of error.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "The trial court erred to the prejudice of the plaintiffs-appellants in granting defendant-appellees [sic] motion to dismiss based upon an alleged failure to state a claim upon which relief may be granted."
 {¶ 6} A motion to dismiss, filed pursuant to Civ.R. 12(B), is a procedural mechanism which tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. ofCommrs., 65 Ohio St.3d 545, 548, 1992-Ohio-73. In determining whether a complaint states a claim upon which relief can be granted, all factual allegations of the complaint must be presumed to be true and all reasonable inferences must be made in favor of the nonmoving party. Perez v. Cleveland (1993),66 Ohio St.3d 397, 399. In order to dismiss a complaint under Civ.R. 12(B)(6), it must appear beyond doubt that the relator can prove no set of facts warranting relief. O'Brien v. Univ. CommunityTenants Union, Inc. (1975), 42 Ohio St.2d 242, syllabus. Civ.R. 12(B)(6) motions attack the sufficiency of the complaint and may not be used to summarily review the merits of a cause of action in mandamus. State ex rel. Horwitz v. Cuyahoga Cty. Court ofCommon Pleas, Probate Div. (1992), 65 Ohio St.3d 323, 325;Assn. for the Defense of the Washington Local School Dist. v.Kiger (1989), 42 Ohio St.3d 116, 117. An appellate court conducts a de novo review of a trial court's decision on a motion to dismiss as such a motion presents a question of law.Schiavoni v. Steel City Corp. (1999), 133 Ohio App.3d 314, 317.
 {¶ 7} Mandamus is the appropriate mechanism to compel appropriation proceedings when an involuntary taking of private property is alleged. State ex rel. Elsass v. Shelby Cty. Bd. OfCommrs., 92 Ohio St.3d 529, 535, 2001-Ohio-1276; State ex rel.Levin v. City of Sheffield Lake, 70 Ohio St.3d 104, 108,1994-Ohio-385. The fact that appellants have participated once in the ditch petition process does not deprive them of the right to seek compensation for the alleged taking caused by the continued flooding of their land. Elsass at 535. For a writ of mandamus to issue, the relator "must prove that it is entitled to the performance of a clear legal duty and that it has no adequate remedy in the ordinary course of the law." Levin at 106. Appellants' complaint alleges these operative elements. However, appellees allege that the complaint has a single, fatal deficiency, in that appellants have an adequate remedy at law. The remedy, they allege, is the petition ditch process provided for in R.C. 6131.01, et seq.
 {¶ 8} A claim that a relator possesses an adequate legal remedy precluding a writ of mandamus seeks an adjudication on the merits, which is normally improper in a Civ.R. 12(B)(6) determination. State ex rel. Edwards v. Toledo City Sch. Dist.Bd. of Edn., 72 Ohio St.3d 106, 109, 1995-Ohio-251, citingState ex rel. Birdsall v. Stephenson, 68 Ohio St.3d 353, 355,1994-Ohio-520. Nevertheless, the Ohio Supreme Court has affirmed dismissals pursuant to Civ.R. 12(B)(6) based upon the existence of an adequate remedy at law. See Birdsall; State ex rel.Sobczak v. Skow (1990), 49 Ohio St.3d 13, 14; State ex rel. Daggett v. Gessaman (1973), 34 Ohio St.2d 55, paragraph three of the syllabus. In Edwards, the Court reconciled this conflict by interpreting the language of Birdsall "to be limited to the precept that a Civ.R. 12(B)(6) dismissal based upon the merits is unusual and should be granted with caution, rather than setting forth a new standard. As always, the applicable standard is that set forth in O'Brien, [42 Ohio St.2d at 242]," e.g., it must appear beyond doubt that relator can prove no set of facts warranting relief. Edwards at 109.
 {¶ 9} Since setting forth this standard, the Court has continued to affirm dismissals in cases where an adequate remedy at law exists, and the remedy is obvious. The trial court noted a number of these cases in support of reaching the merits of appellants' claim that they do not have an adequate remedy at law. Each of the cases cited by the trial court reflects that the remedy at law must be an obvious, apparent remedy, such as the right to directly appeal a decision made by a lower court. SeeState ex rel. Butler Cty. Children Serv. Bd. v. Sage,95 Ohio St.3d 23, 2002-Ohio-1494 (availability of immediate appeal precluded extraordinary relief in mandamus); State ex rel.Warren v. Boggins, 87 Ohio St.3d 264, 1999-Ohio-58 (defendant had adequate remedy in form of an appeal, by which to raise judge's alleged error in not holding evidentiary hearing); Stateex rel. Hummel v. Sadler, 96 Ohio St.3d 84, 2002-Ohio-3605 (a party challenging jurisdiction has an adequate remedy by appeal). In the present case, appellants do not have a comparable, obvious remedy at law.
 {¶ 10} Appellees, citing Probst v. County of Summit (Mar. 26, 1997), Summit App. No. 17810, contend that the petition ditch process provides such an adequate remedy at law. In Probst, a divided panel of the Ninth District Court of Appeals held that R.C. Chapter 6131 provided an adequate remedy at law to similarly situated relators. Consequently, the court held that the trial court erred in granting the relator's complaint for a writ of mandamus. Notably, Probst did not involve the review of Civ.R. 12(B)(6) motion, but rather, review of the merits of a case which had proceeded to trial. Nor did Probst involve relators who had already once availed themselves of the petition ditch process as appellants have. We thus find the Probst decision unpersuasive.
 {¶ 11} In the present case, we conclude that appellants have no adequate remedy at law so apparent that it would permit consideration of the merits of their complaint at this stage of the proceedings. Accord Edwards. Consequently, we find that the trial court erred by reaching the merits of the complaint upon review of the motion to dismiss for failure to state a claim. Looking only to the complaint, appellants have stated a cause of action warranting relief. The first assignment of error is sustained.
 {¶ 12} Assignment of Error No. 2:
 {¶ 13} "The trial court erred in dismissing the plaintiff/appellants' [sic] cause of action on the basis that a writ of mandamus was the appropriate remedy when the complaint and evidence contained sufficient allegations to warrant relief in mandamus."
 {¶ 14} In their second assignment of error, appellants argue the merits of their action. Since we have sustained appellants' first assignment of error, the trial court's judgment must be reversed and the matter remanded for further proceedings. We consequently find appellants' second assignment of error to be moot.
 {¶ 15} The judgment of the trial court is reversed and this matter is remanded for further proceedings.
Young, P.J., and Powell, J., concur.