[Cite as *State ex rel. Vetus Partners, L.L.C. v. Calabrese*, 2011-Ohio-2802.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 96544

---

## STATE OF OHIO, EX REL.,
## VETUS PARTNERS, LLC, ET AL.

### RELATOR

### VS.

## JUDGE DEENA R. CALABRESE

### RESPONDENT

---

## JUDGMENT:
## COMLAINT DISMISSED

---

Writ of Prohibition and Mandamus

**RELEASE DATE:**   June 3, 2011

## ATTORNEYS FOR RELATOR

Jeffrey C. Miller
Nicholas J. Debaltzo, Jr.
Johnson Miller & Schmitz LLP
635 W. Lakeside Avenue
Suite 600
Cleveland, Ohio 44113

## ATTORNEYS FOR APPELLEE

### For: Judge Deena R. Calabrese

William D. Mason
Cuyahoga County Prosecutor

BY: Charles E. Hannan, Jr.
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

### For: PCE Management, Inc., et al.

Kathryn W. Pascover
Ford & Harrison LLP
795 Ridge Lake Blvd.
Suite 300
Memphis, TN 38120

LARRY A. JONES, J.:

{¶ 1} Vetus Partners, LLC and Vetus Securities, LLC (hereinafter referred to as "Vetus") have filed a complaint for a writ of prohibition and a writ of mandamus. Vetus seeks to prevent Judge Deena R. Calabrese from exercising any continued jurisdiction in the underlying action of *PCE Mgt., Inc. v. Skelly*, Cuyahoga County Court of Common Pleas Case No. CV-728042. Specifically, Vetus seeks: (1) a writ of prohibition that prevents Judge Calabrese "from conducting any proceedings and/or otherwise ruling" on a motion for contempt and sanction; and (2) a writ of mandamus "to require [Judge Calabrese] to remove an order from her docket which granted a motion to compel production of documents pursuant to an out-of-state subpoena * * *." Judge Calabrese has filed a motion to dismiss, which we grant for the following reasons.

## Facts

{¶ 2} The following facts are gleaned from the complaint for writs of prohibition and mandamus, Judge Calabrese's motion to dismiss, and Vetus's brief in opposition to the motion to dismiss:

{¶ 3} (1) On May 28, 2010, PCE Mgt. ("PCE"), an entity that is not a party to this original action, filed a petition and commission for the issuance of out-of-state subpoenas duces tecum in *PCE Mgt., Inc. v. Skelly*. The petition was assigned to the docket of Judge Calabrese;

{¶ 4} (2) The purpose of the petition and commission for the issuance of out-of-state subpoenas duces tecum was to obtain discovery records from Vetus, for use in a legal action that was pending in the Circuit Court of the Ninth Judicial Circuit in Orange County, Florida;

{¶ 5} (3) On June 1, 2010, Judge Calabrese issued an order granting the petition for the issuance of out-of-state subpoenas, ordering that the subpoenas duces tecum be served upon Vetus;

{¶ 6} (4) On August 16, 2010, an order that dismissed the petition for the issuance of out-of-state subpoenas was journalized. The order provided that: "[u]pon telephonic advice of plaintiff's counsel Kay Wolf on 8/13/10, case is dismissed * * *."

{¶ 7} (5) On September 1, 2010, PCE filed a motion to reopen the underlying action of *PCE Mgt., Inc. v. Skelly*;

{¶ 8} (6) On September 7, 2010, Judge Calabrese granted the motion to reopen *PCE Mgt., Inc. v. Skelly;*

{¶ 9} (7) On February 2, 2011, PCE filed a motion to compel production of documents from Vetus;

{¶ 10} (8) On February 15, 2011, an order that dismissed the petition for the issuance of out-of-state subpoenas was journalized. The order provided that: "[p]ursuant to telephone conversation with attorney Perry, this mattered [sic] is hereby dismissed * * *."

**{¶ 11}** (9) On February 22, 2011, Judge Calabrese issued an order that granted the motion to compel production of documents. The order provided that: "[p]ending before the court is plaintiffs' motion to compel production from non-parties Vetus Partners, LLC and Vetus Securities, LLC (hereinafter referred to collectively as 'Vetus'). Vetus never filed a motion to quash the subpoena at issue, and has not opposed plaintiffs' motion to compel. Upon careful review of plaintiffs' brief and supporting materials, the court concludes that plaintiffs' arguments are well-taken, and the motion to compel is hereby granted * * *."

**{¶ 12}** (10) On March 2, 2011, Vetus complied with the terms of the subpoenas duces tecum and the order to compel and provided PCE with the requested documents;

**{¶ 13}** (11) On March 9, 2011, PCE filed a motion for contempt and sanctions against Vetus;

**{¶ 14}** (12) On March 16, 2011, Vetus filed this original action for writs of prohibition and mandamus. Vetus also filed an application for an alternative writ, which was denied by this court on March 23, 2011;

**{¶ 15}** (13) On April 26, 2011, Judge Calabrese filed her motion to dismiss;

**{¶ 16}** (14) On April 26, 2011, Judge Calabrese issued an order that stayed consideration of the motion for contempt and sanctions pending

disposition of this original action;

{¶ 17} (15) On May 13, 2011, Vetus filed a brief in opposition to the motion to dismiss.

## Legal Analysis

### *Vetus's Claim for Prohibition*

{¶ 18} In order for this court to issue a writ of prohibition, Vetus must establish that (1) Judge Calabrese is about to exercise judicial or quasi-judicial power, (2) the exercise of that power is not authorized by law, and (3) denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of the law. *State ex rel. Sliwinski v. Burnham Unruh*, 118 Ohio St.3d 76, 2008-Ohio-1734, 886 N.E.2d 210; *State ex rel. Lipinski v. Cuyahoga Cty. Court of Common Pleas*, 74 Ohio St.3d 19, 1995-Ohio-96, 655 N.E.2d 1303. An adequate remedy at law will preclude relief in prohibition. *State ex rel. Lesher v. Kainrad* (1981), 65 Ohio St.2d 68, 417 N.E.2d 1382; *State ex rel. Sibarco Corp. v. Berea* (1966), 7 Ohio St.2d 85, 218 N.E.2d 428.

{¶ 19} Furthermore, absent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction over an action possesses the legal authority to determine its own jurisdiction, and a party challenging its jurisdiction possesses an adequate remedy at law by way of a post-judgment appeal. *Whitehall ex rel. Wolfe v. Ohio Civ. Rights Comm.*, 74 Ohio St.3d 120, 1995-Ohio-302, 656 N.E.2d 684. Finally, an appeal does not

constitute an adequate remedy at law if the court patently and unambiguously lacks jurisdiction over the action. *State ex rel. Lewis v. Moser* (1995), 72 Ohio St.3d 25, 647 N.E.2d 155.

{¶ 20} Herein, Vetus claims that Judge Calabrese patently and unambiguously lacks the necessary jurisdiction to conduct a hearing and render a ruling with regard to a motion for contempt and sanctions. Vetus argues that the order of Judge Calabrese, as journalized on February 15, 2011, which dismissed the underlying action of *PCE Mgt., Inc. v. Skelly*, divested her of any jurisdiction to hear and determine the motion for contempt and sanctions.

{¶ 21} It is clear that Judge Calabrese, as a judge of the Cuyahoga County Court of Common Pleas, possesses or possessed original general jurisdiction in the underlying action of *PCE Mgt., Inc. v. Skelly*. Section 4(B), Article IV of the Ohio Constitution*, BCL Ent., Inc. v. Ohio Dept. of Liquor Control*, 77 Ohio St.3d 467, 1997-Ohio-254, 675 N.E.2d 1; *Schucker v. Metcalf* (1986), 22 Ohio St.3d 33, 488 N.E.2d 210; *Dumas v. Estate of Dumas*, 68 Ohio St.3d 405, 1994-Ohio-312, 627 N.E.2d 978. In addition, R.C. 2319.09 vested Judge Calabrese with the necessary jurisdiction to hear PCE's petition for the issuance of out-of-state subpoenas duces tecum. *E.I. DuPont de Nemours & Co. v. Thompson* (1986), 29 Ohio App.3d 272, 504 N.E.2d 1195.

{¶ 22} Finally, Judge Calabrese, despite the dismissal of *PCE Mgt., Inc.*

*v. Skelly*, possesses continuing jurisdiction over all collateral matters, such as the pending motion for contempt and sanctions.

{¶ 23} "It is equally true, however, that despite a voluntary dismissal under Civ.R. 41(A)(1), a trial court may consider certain collateral issues not related to the merits of the action. See *Cooter & Gell v. Hartmarx Corp.* (1990), 496 U.S. 384, 396, 110 S.Ct. 2447, 110 L.Ed.2d 359 (trial court retains jurisdiction to determine Fed.R.Civ.P. 11 sanctions after the principal suit has been terminated); *State ex rel. Corn v. Russo* (2001), 90 Ohio St.3d 551, 556, 740 N.E.2d 265 (court may consider the collateral issue of criminal contempt even after the underlying action is no longer pending); *Grossman v. Mathless & Mathless, C.P.A.* (1993), 85 Ohio App.3d 525, 528, 620 N.E.2d 160 (trial court may entertain an R.C. 2323.51 motion to impose sanctions for frivolous conduct even though underlying case has been voluntarily dismissed)." *State ex rel. Hummel v. Sadler*, 96 Ohio St.3d 84, 2002-Ohio-3605, 771 N.E.2d 853, ¶23.

{¶ 24} In the case sub judice, after construing all material facts and reasonable inferences on behalf of Vetus, we find that Vetus can prove no set of facts that allows for the extraordinary relief of prohibition. *State ex rel. Ahmed v. Costine*, 100 Ohio St.3d 36, 2003-Ohio-4776, 795 N.E.2d 672; *State ex rel. Benbow v. Runyan*, 99 Ohio St.3d 410, 2003-Ohio-4127, 792 N.E.2d 1124; *State ex rel. Fifth Third Mtge. Co. v. Russo*, Cuyahoga App. Nos. 94816,

94817, 94818, 2010-Ohio-3734. Vetus has failed to establish that Judge Calabrese patently and unambiguously lacks the necessary jurisdiction to entertain the motion for contempt and sanctions and the complaint for a writ of prohibition fails on its face. Thus, Judge Calabrese is entitled to dismissal of the claim for a writ of prohibition.

*Vetus's Claim for Mandamus*

{¶ 25} In order for this court to issue a writ of mandamus, Vetus must demonstrate that: (1) Vetus possesses a clear legal right to a requested judicial act; (2) Judge Calabrese possesses a clear legal duty to perform the requested judicial act; and (3) there exists no other adequate remedy in the ordinary course of the law. *State ex rel. Harris v. Rhodes* (1978), 54 Ohio St.2d 41, 374 N.E.2d 641; *State ex rel. Natl. City Bank v. Bd. of Edn.* (1977), 52 Ohio St.2d 81, 369 N.E.2d 1200. Mandamus may not be employed to control judicial discretion. *State ex rel. Dreamer v. Mason*, 115 Ohio St.3d 190, 2007-Ohio-4789, 874 N.E.2d 510.

{¶ 26} Vetus, through its claim for mandamus, seeks an order that requires Judge Calabrese to vacate the order of February 22, 2011, which granted PCE's motion to compel production from Vetus. Vetus, however, has failed to establish that it possesses any clear legal right or that Judge Calabrese possesses any clear legal duty to vacate the order that granted the motion to compel production. *State ex rel. MetroHealth Med. Ctr. v. Sutula,*

110 Ohio St.3d 201, 2006-Ohio-4249, 852 N.E.2d 722. In addition, Vetus possesses or possessed an adequate remedy at law through a direct appeal of the order that granted the motion to compel. *State ex rel. Hughley v. McMonagle*, 121 Ohio St.3d 536, 2009-Ohio-1703, 905 N.E.2d 1220; *State ex rel. Jaffal v. Calabrese*, 105 Ohio St.3d 440, 2005-Ohio-2591, 828 N.E.2d 107. Vetus has failed to establish any grounds that warrant the issuance of a writ of mandamus.

{¶ 27} Finally, it must also be noted that Vetus, on March 2, 2011, complied with the terms of the subpoenas duces tecum and the order to compel. Vetus provided PCE with the requested documents. The provision of the requested documents to PCE renders any claim for a writ of mandamus moot. Cf. *State ex rel. Jerninghan v. Cuyahoga Cty. Court of Common Pleas*, 74 Ohio St.3d 278, 1996-Ohio-117, 658 N.E.2d 723; *State ex rel. Gantt v. Coleman* (1983), 6 Ohio St.3d 5, 450 N.E.2d 1163.

{¶ 28} Accordingly, we grant Judge Calabrese's motion to dismiss. Costs to Vetus. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ.R. 58(B).

Complaint dismissed.

LARRY A. JONES, JUDGE

MARY J. BOYLE P.J., and
KENNETH A. ROCCO, J., CONCUR