E.I. DuPONT DE NEMOURS & COMPANY, INC., APPELLEE, *v.* THOMPSON; PITTMAN ET AL., APPELLANTS.

(Nos. 49826 and 49834 — Decided February 3, 1986.)

*Burke, Haber & Berick Co., L.P.A.,* and *Kenneth J. Walsh,* for appellee.
*Darryl E. Pittman,* for appellants.

PARRINO, C.J. Appellants Darryl E. Pittman and Steven L. Howland appeal from sanctions imposed against them pursuant to Civ. R. 37. The decision of the trial court is affirmed in part and reversed in part.

I

. Appellants represented Debra L. Thompson, defendant, at the taking of a deposition in Cleveland, Ohio, concerning an action filed in Philadelphia, Pennsylvania by appellee, E. I. DuPont de Nemours & Co., Inc. On January 21, 1983, a praecipe to issue a writ of summons for Thompson was filed by appellee in the Philadelphia court. Thompson received the writ of summons in Cleveland, Ohio on January 24, 1983. Appellee subpoenaed Thompson on January 27, 1983 to attend a precomplaint deposition to be held on

January 28, 1983 at the office of appellee's Cleveland counsel. However, the deposition was adjourned so that Thompson could secure counsel.

On February 7, 1983, appellee filed a petition with the Court of Common Pleas of Cuyahoga County requesting that the court become an auxiliary court under R.C. 2319.09 pursuant to Ohio's Uniform Foreign Deposition Act. Additionally, appellee moved the court for a protective order to keep the contents of the deposition confidential; the court granted the protective order. On February 9, 1983, appellee served Thompson with a notice to take deposition on February 15, 1983. At this time Thompson secured the services of appellants to represent her. Appellants requested a postponement of the deposition, and it was rescheduled for February 25, 1983.

At the February 25 deposition Thompson was sworn in, but refused to testify on the advice of appellants. Appellants objected to the taking of the deposition on the ground that neither the Ohio nor Pennsylvania court had jurisdiction over Thompson. The deposition was terminated and Thompson and the appellants walked out. On March 8, 1983, appellee filed a motion in the Court of Common Pleas of Cuyahoga County to compel resumption of discovery on a date certain and for reasonable expenses for services performed. Appellants replied on April 15, 1983 with a motion to dismiss for lack of jurisdiction.

On June 10, 1983, the court overruled appellants' motion to dismiss and granted appellee's motion to compel. The court ordered the deposition to be taken on June 17, 1983. On June 16, 1983, Pittman was discharged by Thompson and he notified the court the same day. On June 17, appellee moved the court for an order denying Pittman permission to withdraw. Neither Thompson nor appellants appeared for the scheduled deposition.

The court denied Pittman's request to withdraw on June 22, 1983. Appellee filed a motion to compel on June 29, 1983 along with a motion to show cause and for an order of sanctions. Appellee requested the reasonable expenses incurred by appellee's Philadelphia attorney in attending the February 25 deposition, and the expenses for obtaining the court's June 10 order, including reasonable attorney fees. Appellee also requested reasonable expenses, including attorney fees, incurred as a result of Thompson's failure to appear at the June 17 deposition.

Thompson secured new counsel and her deposition was taken; however, rather than answer the questions put to her, she asserted her Fifth Amendment privilege. A hearing was held on the motion for sanctions on September 25, 1984 through September 27, 1984. The motion had originally requested sanctions against Thompson also; however, at the hearing, the motion was held in abeyance as to her.

On January 14, 1985, the court issued findings of fact and conclusions of law. The court entered judgment in favor of appellee and against Pittman for $3,469.36, and against Pittman and Howland jointly for $3,046.00. Timely notices of appeal were filed by Pittman on February 8, 1985, and by Howland on February 11, 1985. The appeals were consolidated by this court.

Appellants raise six assignments of error which will be discussed in a somewhat different order than presented in appellants' brief.

## II

Assignment of error number two:

"The court below erred in granting sanctions because it was not the proper court to enter sanctions pursuant to Rule 37(A)(1)."

Appellants question the authority of the Ohio court of common pleas to com-

pel the testimony of a witness in a "foreign" deposition, and to impose sanctions for noncompliance.

The resolution to this issue turns on our interpretation of R.C. 2319.09 (uniform foreign depositions):

"Whenever any mandate, writ, or commission is issued out of any court of record in any other state, territory, district, or foreign jurisdiction, or whenever upon notice or agreement it is required to take the testimony of a witness in this state, witnesses may be compelled to appear and testify in the same manner and by the same process and proceedings as are employed for the purpose of taking testimony in proceedings pending in this state.

"This section shall be so interpreted and construed as to effectuate its general purpose to make the law of this state uniform with those states which enact similar legislation."

This section states that a witness may be compelled to testify at a deposition in Ohio, but does not provide the procedure by which this may be accomplished. A review of the case law in Ohio and other states with similar statutes reveals little authority on the power of the courts to compel enforcement of the provisions of these statutes. In *Burns* v. *Superior Court* (1903), 140 Cal. 1, 73 P. 597, the California Supreme Court noted that a similar provision empowered the superior court to require a witness to appear and testify at a deposition to be used in any case pending in another state. Further, the court was authorized to punish a witness for disobeying the court's orders to that effect. *Id.* at 3-4, 73 P. at 598.

We agree with this interpretation. R.C. 2319.09 gives the courts of this state the authority to compel attendance and testimony at depositions taken in Ohio. An integral component of this power to compel is the authority to impose sanctions. The courts may both compel testimony and impose sanctions "by the same process and proceedings as are employed for the purpose of taking testimony in proceedings pending in this state."

Ohio Civ. R. 37(A)(1) provides that a motion for sanctions shall be made in the court in which the action is pending. Appellants urge that this rule prohibits the Ohio court from issuing sanctions for the reason that no action is pending in Ohio. This argument is without merit. Stripping the Ohio court of its power to impose sanctions effectively deprives the court of its ability to compel the attendance of witnesses at depositions. Accordingly appellants' second assignment of error is overruled.

### III

Assignment of error number one:

"The court below erred in granting sanctions for conduct which occurred prior to plaintiff's effectively serving defendant with process."

Appellants claim that the lower court was precluded from exercising any jurisdiction over Thompson for the reason that at the time of the February 25 deposition, she had not been served with a complaint. In the normal course of an action in Ohio, discovery does not take place until after service of a summons and a complaint upon the defendant. However, Ohio does recognize that in certain instances testimony may be taken before an action is commenced.[1]

In Pennsylvania, pre-complaint discovery is common. An action may be commenced in the Commonwealth of Pennsylvania by the filing of a praecipe for a writ of summons.[2] When the exercise of personal jurisdiction is authorized, *i.e.*, when a person has caused harm or tortious injury by an act within the Commonwealth,[3] service of process

---

[1] *E.g.,* Civ. R. 27(A) provides for the perpetuation of testimony before an action is commenced.

[2] Pennsylvania Civ. R. 1007(1).

[3] Section 5322(a)(3), Title 42, Pa. Consol. Stat.

may be made outside the Commonwealth.[4] Such service may be made by certified mail.[5]

Appellee filed a praecipe to issue writ of summons on January 21, 1983. On that date, a writ was issued; the writ was received by Debra Thompson on January 24, 1983. Appellee petitioned to invoke the jurisdiction of the Ohio court on February 7, 1983. Certified mail service of the petition to Thompson went unclaimed and service by ordinary mail was made on March 11, 1983. At the time of the February 25 deposition, an action had been commenced in Philadelphia and the Pennsylvania court had *in personam* jurisdiction over Thompson; and appellants' objections to the Ohio court's authority made at the February 25 deposition indicate their knowledge of appellee's petition to the court of common pleas in Ohio.

Because the court in Philadelphia had jurisdiction over Thompson without the filing of a complaint, and because appellants were aware that appellee had invoked the jurisdiction of the Ohio court, this court holds that the Court of Common Pleas of Cuyahoga County had authority to impose sanctions against appellants for their conduct at the February 25 deposition. Accordingly, assignment of error number one is overruled.

IV

Assignment of error number three: "The court below erred in finding that defense counsels' objections were without substantial justification."

The court made the following findings of fact:

"13. Pittman and Howland improperly terminated the deposition of February 25, 1983. Any objection made at the time of the deposition on advice of counsel was untimely under the Ohio Rules of Civil Procedure. Any objection made at the time of the taking of the deposition of February 25, 1983, could have been made prior to the deposition and the attendant loss of time, expense and counsel fees.

"14. DuPont duly filed its Motion of Plaintiff to Compel Resumption of Discovery on a Date Certain and for Reasonable Expenses ('Motion to Compel') filed March 8, 1983, proving the lack of substantial justification for the improper termination of the deposition of February 25, 1983, caused on the advice of counsel Pittman and Howland."

Appellants contend that there was substantial justification for their objection to the court's jurisdiction. Civ. R. 37(A)(4) states that where a motion to compel is granted, the party opposing the motion shall pay the reasonable expenses incurred in obtaining the order unless the court finds that the opposition to the motion was substantially justified, or that other circumstances make an award of expenses unjust. Due to the absence of authoritative interpretation of R.C. 2319.09 by Ohio courts, it was not unreasonable or frivolous for appellants to challenge the jurisdiction of the court.

The court's findings, however, raise another basis for the imposition of sanctions. Civ. R. 37(D) provides that a party who desires not to appear or respond must seek a protective order from the court pursuant to Civ. R. 26(C).[6] Appellants not only failed to seek such an order, but they also failed to raise their objection to the court's jurisdiction until after appellee filed a motion to compel on March 8, 1983.

In *Smith* v. *Klein* (1985), 23 Ohio App. 3d 146, 150-151, this court noted that sanctions against an attorney who terminated a deposition without applying to the court for a protective order

---

[4] Section 5322(d), Title 42, Pa. Consol. Stat.

[5] Section 5323(a)(3), Title 42, Pa. Consol. Stat.

[6] See Staff Note to Civ. R. 37(D).

would be proper. If a protective order is not sought prior to the taking of the deposition, Civ. R. 30(D) provides that a deposition may be suspended for the purpose of seeking a protective order. "[S]hould the party have any * * * objections to the taking of his deposition, his remedy is to obtain a protective order under Civ. R. 26(C). Where a party fails to do so he may be subjected to any of the sanctions appropriate under Civ. R. 37(D). * * *" (Footnote omitted.) *Midwest Sportservice, Inc.* v. *Andreoli* (1981), 3 Ohio App. 3d 242, 244. Appellants made no attempt to seek a protective order prior to or at the time of the February 25 deposition. Accordingly, appellants' third assignment of error is overruled.

### V

Assignment of error number five:

"The court improperly imposed sanctions on defendant's counsel . because of * * * [defendant's] failure to attend the deposition ordered for June 17, 198[3]."

Appellants claim that the court erred in finding that the June 17 deposition did not go forward due to sanctionable acts of the appellants. We agree. This finding is not supported by competent, credible evidence. See *C. E. Morris Co.* v. *Foley Construction Co.* (1978), 54 Ohio St. 2d 279, 280 [8 O.O.3d 261].

The testimony showed that Thompson discharged Pittman on June 16, 1983 and that he notified the court the same day. There was no evidence that either of the appellants advised Thompson not to appear at the deposition, or that Pittman acted to frustrate or subvert the court's June 10 order to appear at the deposition.

"A sanction imposed by the court as a result of a party's failure to abide by the discovery rules is within the discretion of the court and will generally not be reversed on appeal unless it affirmatively appears from the record that the court abused its discretion and that the sanction is not just." (Citation omitted.) *Furcello* v. *Klammer* (Feb. 7, 1980), Cuyahoga App. No. 39949, unreported, at 3.

The court abused its discretion by imposing sanctions on appellants for Thompson's failure to appear at the June 17 deposition. Accordingly, appellants' assignment of error number five has merit.

### VI

Assignment of error number four:

"The court erred in granting the plaintiff sanctions in excess of the amounts permitted by Rule 37(A)(4)."

Civ. R. 37(A)(4) governs the awarding of certain expenses when a motion to compel is granted. The attorney for the deponent may be ordered to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney fees. Appellants' claim that the only expenses the court could have ordered for the February 25 deposition are the expenses of obtaining the June 10 motion. The court granted these expenses, plus the expenses incurred for attending the February 25 deposition.

Civ. R. 37(D), which addresses the failure of a party to attend a deposition, permits the imposition of reasonable expenses, including attorney fees, caused by the failure to attend. As a practical matter, failing to appear at a deposition, and appearing but refusing to answer are equivalent. See *Gravill* v. *Parkhurst* (1985), 27 Ohio App. 3d 100, at 105, 27 OBR 121, at 125-126, 499 N.E. 2d 913, at 918. A failure to treat these two events as identical would serve to encourage the practice of appearing for depositions to avoid sanctions but refusing to answer. The proper course of action is to apply to the court for a protective order.

Because the failure to appear, and appearing but refusing to answer are identical, the sanctions should also be identical. Accordingly, assignment of error number four is overruled.

## VII

Assignment of error number six:

"The court erred in awarding fees for time expended by out-of-state counsel because evidence to substantiate those fees was not admitted into evidence at the hearing on the motion for sanctions."

At the hearing on the motion for sanctions, the billing records of appellee's local counsel were admitted into evidence and supported by counsel's oral testimony. Similar evidence was not received by the court to verify the expenses of appellee's Philadelphia counsel. However, the court was able to determine the amount to be awarded to the out-of-state counsel from affidavits detailing the expenses that were attached as exhibits to appellee's June 29, 1983 motion to show cause and for an order of sanctions. During the course of the hearing, the court took notice that the exhibits attached to the parties' motions were a part of the court's record.

In *Gering* v. *Gering* (June 25, 1981), Cuyahoga App. No. 43247, unreported, at 3-4, the court reversed an award of attorney fees where the exhibits were not accepted into evidence, "nor were their contents otherwise made a part of the record." In the case *sub judice,* the affidavits of the out-of-state counsel were in the record for the court below, and are in the record before this court.

The fees and expenses of appellee's Philadelphia attorneys were substantiated by evidence before the court. Accordingly, appellants' assignment of error number six is overruled.

The judgment of the trial court imposing sanctions against appellants for their conduct at the February 25, 1983 deposition is affirmed. The imposition of sanctions for Debra L. Thompson's failure to appear at the June 17, 1983 deposition is reversed and final judgment is entered for appellants for sanctions imposed concerning the deposition of June 17, 1983. This case is remanded to the trial court for a redetermination of the sanctions to be imposed consistent with this opinion.

*Judment affirmed in part,*
*reversed in part, and*
*cause remanded.*

MARKUS and PRYATEL, JJ., concur.