OPINION
{¶ 1} This appeal is brought by Munir M. Uwaydah, M.D. from the May 21, 2002 judgment and order of the Van Wert County Court of Common Pleas, quashing a subpoena deuces tecum issued to Deborah Turvey.
 {¶ 2} The record presents the following facts. Appellant Dr. Munir Uwaydah is the plaintiff in a lawsuit pending before the Superior Court of California, County of Santa Clara,[1] in which he is suing two California physicians for defamation. Appellee Deborah Turvey is the Medical Staff Coordinator for the Co-Appellee Van Wert County Hospital (Hospital), of which Appellant Dr. Uwaydah is a former employee.
 {¶ 3} On March 21, 2002, Appellant filed, with the Van Wert County Court of Common Pleas, a "Commission" issued by the Superior Court of California, County of Santa Clara, declaring Deborah Turvey to be a material witness in the action pending in that court. The commission empowered Lisa Westrick, presumably a court reporter, but otherwise unidentified in the record, to administer an oath to Turvey and to reduce to writing Turvey's sworn deposition testimony for use as evidence in the California action. Upon Appellant's request and based on the California commissioning order, the trial court issued an "Order That Commission Issue For the Taking of The Deposition of Debra Turvey Outside the State of California." On March 26, 2001, the Van Wert County Clerk of Courts issued a subpoena duces tecum to Debra Turvey, ordering her to appear as a witness for a deposition to be conducted at a Van Wert, Ohio law office.
 {¶ 4} On April 4, 2002, Turvey and the Hospital filed a joint Motion to Quash the Subpoena, alleging that the information sought by Appellant was obtained or generated during the course of Turvey's duties as the coordinator of the Hospital's physician credentialing process and therefore was undiscoverable pursuant to R.C. 2305.25. Appellant opposed the motion and submitted to the trial court the affidavit of Appellant's California attorney, Michael G. Ackerman. According to Ackerman, Deborah Turvey informed him of a conversation she had with the California defendants in which alleged defamatory statements were issued regarding the Appellant. Ackerman stated that without Turvey's testimony, he could not prove defamation in the California suit.
 {¶ 5} On May 21, 2002, the trial court held that the information sought by Appellant was undiscoverable pursuant to Ohio law, and subsequently quashed Turvey's subpoena. It is from this order that Appellant now appeals.
 {¶ 6} Appellant raises four assignments of error attacking the propriety of the trial court's order to quash. Appellant argues that the trial court lacked jurisdiction to quash the subpoena, that the Appellees did not have standing to request that the subpoena be quashed, that the trial court improperly relied on a ruling out of the United States District Court for the Northern District of Ohio, Western Division, and that the trial court failed to give full faith and credit to the California order. For the reasons set forth below, we reject each of these arguments and affirm the trial court's decision.
 Assignment of Error I {¶ 7} "The Van Wert Common Pleas Court erred by asserting jurisdiction to quash a California subpoena."
 {¶ 8} Appellant's first assignment of error argues that an Ohio court does not have jurisdiction to quash a subpoena issued by a California Court. Appellant relies on R.C. 2319.09, the Ohio version of Uniform Foreign Depositions Act, which gives Ohio courts the authority to compel a witness to appear and testify at a deposition taken in Ohio for use in any case pending in a foreign state. E.I. DuPont de Nemours Co., Inc. v. Thompson (1986), 29 Ohio App.3d 272, 504 N.E.2d 1195.
 {¶ 9} While we generally agree with the Appellant's summation of the law as stated in R.C. 2319.09, we do not agree with Appellant's interpretation of the law's consequence in this matter. The Uniform Foreign Depositions Act is a statute of empowerment, not requirement. The statute gives courts the authority to issue subpoenas for foreign proceedings, but does not impose a requirement that courts issue a subpoena in every circumstance. Here, the trial court affirmatively exercised its authority to issue an Ohio subpoena to Deborah Turvey for deposition in the California action. Thereafter, the trial court lawfully quashed the Ohio subpoena pursuant to Civ.R. 45(C)(3) which provides that the court "from which the subpoena was issued" shall have authority to quash the subpoena.
 {¶ 10} Thus, we find no violation of R.C. 2319.09 with respect to the Ohio subpoena. Furthermore, we find no evidence that the trial court asserted its jurisdiction over a California subpoena as there is no such document in the record. Accordingly, Appellant's first assignment of error is overruled.
 Assignment of Error II {¶ 11} "The Van Wert Common Pleas Court erred by allowing non-party Van Wert County Hospital to Maintain a Motion to Quash on behalf of the subpoenaed target."
 {¶ 12} Appellant's second assignment of error alleges that the appellee Hospital did not have standing to file a Motion to Quash the subpoena issued for the appellee Turvey. Apparently, Appellant has chosen to disregard the fact that the Motion to Quash was filed on behalf of Turvey and the Hospital. Regardless of the Hospital's standing, Civ.R.45(C) grants Turvey the right to maintain a motion to quash a subpoena issued to her. Therefore, any error in allowing the Hospital to join Turvey in the motion would not amount to reversible error.
 {¶ 13} Moreover, we find that the hospital did have proper standing to maintain a motion to quash. The trial court served Turvey with a subpoena deuces tecum requiring her to appear with any records, notes or documents relevant to her discussions with the California defendants. Turvey's conversations with the California defendants took place while she was acting in the course and scope of her employment with the Hospital. The Hospital, therefore, has a proprietary interest in the content of the conversations as well as the documents generated by the conversations and has a right to raise their confidentiality against a subpoena.
 {¶ 14} Appellant accuses Turvey and the Hospital of engaging in an illegal champerty agreement. Champerty, a species of maintenance, consists of an agreement under which a person who has no interest in the suit of another undertakes to maintain or support the suit at his own expense in exchange for part of proceeds in the litigated matter in the event of a successful outcome. Finders Diversified, Inc. v. Baugh (Apr. 20, 1984), Lucas App. No. L-83-424, quoting Schnabel v. Taft BroadcastingCo., Inc. (Mo.App. 1975), 525 S.W.2d 819, 823.
 {¶ 15} Appellant has failed to establish the existence of a champerty agreement. As established above, the Hospital is not a disinterested party in this matter but holds a proprietary interest in the information sought by Appellant. Furthermore, Appellant has failed to allege or show that the Hospital agreed to pay for Turvey's legal expenses for in exchange for proceeds in this matter. Thus, we find the champerty accusation to be groundless.
 {¶ 16} Nor does Appellant cite law that would make it improper, on some other level, for the Hospital to provide Turvey legal representation. The Ohio Code of Professional Responsibility anticipates such situations by stating, "Since a lawyer must always be free to exercise his professional judgment without regard to the interest or motives of a third person, the lawyer who is employed by one to represent another must constantly guard against erosion of this professional freedom." Ethical Consideration 5-24. Appellant fails to identify a conflict of interest with respect to opposing counsel's dual representation of Turvey and the Hospital. Accordingly, Appellant's second assignment of error is overruled.
 Assignment of Error III {¶ 17} "The Van Wert Common Pleas Court erred in relying upon the interlocutory order of a federal court as a basis for quashing the subpoena."
 {¶ 18} In his third assignment of error, Appellant asserts that the trial court's order to quash was the result of an improper application of res judicata based on a decision rendered in an action between the Appellant and Appellee in the United States District Court, Northern District of Ohio, Western Division. We disagree.
 {¶ 19} The trial court's order to quash makes no mention of res judicata much less a federal decision. On the contrary, the order cites R.C. 2305.25 as the controlling authority. Rather than demonstrating the manner in which the trial court relied on the federal order, Appellant's argument responds to the Hospital's request for sanctions against Appellant. We have no information regarding this request nor do we find it to be relevant in the matter now before this court. Appellant has failed to demonstrate reversible error and therefore, his third assignment of error is overruled.
 Assignment of Error IV {¶ 20} The Van Wert Common Pleas Court erred by failing to give full faith and credit to a valid California Court discovery order.
 {¶ 21} In his final assignment of error, Appellant argues that the trial court erred when it failed to give full faith and credit to a Commission issued to Lisa Westrick by the California Superior Court, Santa Clara County. Appellant argues that the Commission is a discovery order from a California court and as such an Ohio court must give it full faith and credit.
 {¶ 22} Generally, the Full Faith and Credit Clause of the United States Constitution requires a state to respect the "public acts, records and Judicial Proceedings of every other State." In re Keighley, Union App. No. 14-99-33, 1999-Ohio-947, citing U.S. Const. Art. IV, Sec. 1. The commission in question, issued by the California Superior Court pursuant to Cal.Civ.Pro. § 2026(C), authorizes the commissioned party to conduct the deposition of Deborah Turvey in Ohio. The commission further empowers the commissioned party to "request that process issue in the place where the examination is to be held, requiring attendance and enforcing the obligations of the deponents to produce documents and answer questions." Cal.Civ.Pro. § 2026(C).
 {¶ 23} We find no evidence that the trial court disrespected or interfered with the commissioning order issued by the California Superior Court when it quashed the Ohio subpoena. Quashing the Ohio subpoena did not interfere with Lisa Westrick's authority to depose Turvey for purposes of the California action. Contrary to what Appellant argues, the California commission is not a subpoena. Furthermore, we find no evidence that Deborah Turvey was ever under subpoena by the California Superior Court. Therefore, the trial court did not violate the Full Faith and Credit Clause of the United States Constitution and Appellant's fourth assignment of error is overruled.
 {¶ 24} For the reasons stated it is the order of this Court that the judgment of the Van Wert County Court of Common Pleas, is affirmed.
Judgment affirmed.
 HADLEY and WALTERS, JJ., concur.
[1] Munir Uwaydah, M.D. v. James F. Zuckerman, M.D. et al, Case No. CV795916.