[Cite as *Thomas v. Rome*, 2013-Ohio-4046.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
## No.   99679

---

# ROBERT THOMAS, ET AL.

### PLAINTIFFS-APPELLEES

vs.

# WADE ROME, ET AL.

### DEFENDANTS-APPELLANTS

# [APPEAL BY SINGERMAN, MILLS, DESBERG & KAUNTZ CO., L.P.A., ET AL.]

---

### JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-799887

**BEFORE:**   E.A. Gallagher, J., Stewart, A.J., and Jones, J.

**RELEASED AND JOURNALIZED:**      September 19, 2013

 **ATTORNEYS FOR APPELLANTS**

T. Christopher O'Connell
Matthew E. Parkins
Michael R. Stavnicky
Singerman, Mills, Desberg & Kauntz
3333 Richmond Road
Suite 370
Beachwood, OH    44122

**ATTORNEYS FOR APPELLEES**

**For Robert Thomas, et al.**

Richard C. Alkire
Dean C. Nieding
Richard C. Alkire Co., L.P.A.
250 Spectrum Office Building
6060 Rockside Woods Blvd.
Independence, OH    44131

**For Franklin & Seidelmann**

Lorraine E. Gaulding
Kaufman & Company, L.L.C.
1001 Lakeside Avenue
Suite 1710
Cleveland, OH    44114

**For Reminger & Reminger Co., L.P.A.**

Bethanie E. Murray
Reminger & Reminger Co., L.P.A.
1400 Midland Building
101 Prospect Avenue, West
Cleveland, OH    44115

**For Wade Rome, et al.**

Michael R. Gareau
Michael R. Gareau & Assoc. Co.
23823 Lorain Road
Suite 200
North Olmsted, OH    44070

EILEEN A. GALLAGHER, J.:

{¶1} Appellants Singerman, Mills, Desberg & Kauntz Co., L.P.A., Edmund G. Kauntz and Michael R. Stavnicky (hereinafter referred to as appellants or SMDK), appeal the decision of the trial court denying their motion to quash and for protective order. SMDK argues the trial court erred in failing to quash the records subpoenas or issue a protective order, in determining that it had no ability to address the subpoenaes and in failing to transfer the case to the commercial docket. For the following reasons, we affirm the decision of the trial court.

{¶2} Appellees Robert Thomas, Frederick Laufer, Bryan Kaufman and Apex Radiology, Inc., are the plaintiffs in the Florida action of *Thomas v. Rome,* Judicial Cir., Broward Cty. Case No. CACE 10-012978. The underlying Florida action arose from an asset purchase agreement of Apex Radiology, Inc. and Franklin & Seidelmann, LLC (hereinafter referred to as FS), for the sale of Apex teleradiology business assets to FS. Appellees Thomas, Laufer and Kaufman along with Wade Rome were shareholders in Apex Radiology at the time of the asset purchase agreement. Apex Radiology was incorporated in the state of Florida with its principal place of business in Broward County, Florida.

{¶3} After the parties executed the asset purchase agreement, FS failed to make the required payments under the terms of the note issued in connection with the asset purchase agreement. Apex Radiology filed suit, *Apex v. Franklin & Seidelmann, LLC*,

in the United States District Court for the Northern District of Ohio and appellants Stavnicky and Kauntz along with their firm, SMDK prosecuted the case. An arbitration panel ruled in favor of Apex and ordered the immediate payment of $1,696,330.34 to Apex of FS monies being held in escrow.

{¶4} The plaintiffs alleged in their complaint and here on appeal, that Rome, as their elected representative, breached his fiduciary obligations to them and the corporation by "failing to properly affect [sic] the APA [asset purchase agreement], by misappropriating certain monies and failing to settle non-assumed liabilities, among other misdeeds." The plaintiffs claim that Wade Rome never distributed any portion of the money to the individual plaintiffs and that Rome and his wife, Kathleen Rome, misappropriated money associated with this arbitration award.

{¶5} In 2010, Wade and Kathleen Rome filed an action against Scott Seidelmann in the common pleas court, *Rome v. Seidelmann,* Cuyahoga C.P. No. CV-10-726993. Rome and his wife were represented by appellants Stavnicky and SMDK. Rome asserted that the defendants failed to discharge certain agreements that were part of the Apex Radiology asset purchase agreement. The parties eventually reached a settlement in 2013.

{¶6} In the underlying Florida action, the appellees and both Wade and Kathleen Rome agreed to the issuance of an order permitting the plaintiffs to seek "the issuance of a subpoena for purposes of obtaining depositions, correspondence, and

documents from the various individuals listed." (Petition to Auxiliary Court for Issuance of Witness Subpoenae for Depositions Pursuant to Uniform Deposition Act.) Pursuant to this agreement, the Florida court entered an agreed order appointing a commission for the issuance of subpoenas duces tecum for the depositions and production of documents, including the depositions of each of the appellants.

{¶7} The plaintiffs filed the petition in the Cuyahoga County Court of Common Pleas and the assigned judge entered an order granting the petition. Appellants moved the trial court to transfer the petition as a commercial case related to the case of *Rome v. Seidelmann.* Additionally, the appellants filed a motion to quash the subpoenas and for a protective order. In their motions to quash and for protective order, appellants claimed the Florida court was without authority to subpoena out-of-state documents, the subpoena was overly burdensome and would require a great deal of time and money to complete and that many of the documents were privileged and non-discoverable. The trial court denied all three motions.

{¶8} The appellants failed to appear for their depositions and on March 21, 2013, filed the instant appeal, raising the following assigned errors:

Assignment of Error I

The trial court erred in failing to quash the records subpoenas as the uniform foreign depositions act does not authorize records or document production.

Assignment of Error II

The trial court erred in determining it had no ability to address the Ohio subpoenas.

Assignment of Error III

The trial court erred in failing to quash the subpoenas or issue a protective order.

Assignment of Error IV

The trial court erred in failing to transfer this matter to Judge O'Donnell.

{¶9} In their first assigned error, appellants argue the trial court should have quashed the subpoenas because the Uniform Foreign Depositions Act does not authorize records or document production. We disagree.

{¶10} R.C. 2319.09, which codifies the Uniform Foreign Depositions Act, provides as follows:

Whenever any mandate, writ, or commission is issued out of any court of record in any other state, territory, district, or foreign jurisdiction, or whenever upon notice or agreement it is required to take the testimony of a witness in this state, witnesses may be compelled to appear and testify in the same manner and by the same process and proceedings as are employed for the purpose of taking testimony in proceedings pending in this state.

{¶11} Appellants argue that because the statute does not specifically address the ability to compel records production or a records subpoena, the trial court should have quashed the subpoena. In particular, appellants point to the Uniform Interstate Deposition and Discovery Act, (UIDD) which has not been adopted in Ohio and that expressly applies to testimony or documents.

{¶12} However, in addressing the substance of appellants' argument, we note

that numerous Ohio courts, including this Eighth Appellate District, have implemented foreign discovery orders requiring the production of documents, records and things pursuant to R.C. 2319.09. *See The Fischer Brewing Co., Inc. v. Flax*, 138 Ohio App.3d 92, 740 N.E.2d 351 (8th Dist.2000) (authorizing the issuance of a subpoena for the production of a personal computer); *Lampe v. Ford Motor Co.*, 9th Dist. Summit No. 19388, 2000 Ohio App. LEXIS 90 (Jan. 19, 2000) (court issued a subpoena requiring the production of business records); *Kaplan v. Tuennerman-Kaplan,* 9th Dist. Lorain No. 11-CA-0011, 2012-Ohio-302 (a subpoena for documentary evidence was issued); *Vetus Partners, LLC v. Calabrese*, 8th Dist. Cuyahoga No. 96544, 2011-Ohio-2802 (R.C. 2319.09 vests the courts of Ohio with the necessary jurisdiction to issue subpoenas duces tecum).

{¶13} Based on the precedent outlined above, we overrule the appellants' first assigned error.

{¶14} In their second and third assignments of error, appellants argue the trial court erred in failing to quash the subpoenas and in failing to issue a protective order. As these assignments of error address similar issues of law and fact, they shall be addressed together.

{¶15} In denying appellants' motions to quash and for protective order, the trial court cited to *The Fischer Brewing Co., Inc. v. Flax,* 138 Ohio App.3d 92, 740 N.E.2d 351 (8th Dist.2000), in which this court affirmed a trial court's denial of motions for a

protective order and quash because it found an Ohio court to be without power to quash a foreign subpoena or to interfere at all with properly issued discovery orders of another jurisdiction. Appellants argue that their case is distinguishable from *Fischer* and claim that as the issuing court, the trial court in Cuyahoga County had absolute authority to review and quash subpoenas in conjunction with Civ.R. 45. We find appellants' arguments unpersuasive.

{¶16} In *Fischer*, the foreign court, the Superior Court of the District of Columbia, entered an order allowing the deposition of an attorney in the state of Ohio and issued a commission authorizing the issuance of a subpoena requiring the attorney to permit inspection of files contained on a personal computer in the attorney's possession. The attorney moved to quash the subpoena and for a protective order regarding the subpoena and deposition. The trial court denied both motions and this court, in upholding the trial court's ruling, stated as follows:

> It is important to recognize that a foreign court order authorizing discovery in this state does not vest the Ohio court with broad authority to conduct discovery. In *E.I. DuPont de Nemours & Co. v. Thompson* (1986), 29 Ohio App. 3d 272, 274, 504 N.E.2d 1195, we held that R.C. 2319.09 "gives the courts of this state the authority to compel attendance and testimony at depositions taken in Ohio." A component to this power to compel attendance is the authority to impose sanctions if the deponent fails to attend a deposition. *Id*.

> We do not view the court's power under R.C. 2319.09 as extending any further than enforcing the implementation of the foreign discovery order. Principles of comity and full faith and credit prohibit Ohio courts from countermanding otherwise valid discovery orders issued by foreign courts. Our adherence to these legal precepts causes us to disagree with a

statement contained in *Lampe v. Ford Motor Company*, 2000 Ohio App. LEXIS 90 (Jan. 19, 2000), Summit App. No. 19388, unreported. *Lampe* cited to *In re Kirkland & Ellis v. Chadbourne & Parke, L.L.P.* (N.Y.Sup.Ct. 1998). 176 Misc. 2d 73, 670 N.Y.S.2d 753, for the proposition that "the role of courts outside the forum state includes the authority to examine the facts underlying a subpoena and to quash when necessary." This approach is not the law in New York, and should not be the law in Ohio.

{¶17} Additionally, this court, in addressing whether the trial court would have the authority to quash a foreign subpoena under Civ.R. 45(C)(3), that allows the court "from which the subpoena was issued" to quash or modify a subpoena, determined that the Ohio court would not be the issuing court for purposes of a subpoena implementing a foreign commission for discovery. In particular, this court, in *Fischer*, rejected *Lampe*, a case cited by appellants and stated the following:

> We assume the *Lampe* court did not intend to suggest that the Ohio court, implementing a foreign commission for discovery, is actually the "issuing" court for the subpoena for purposes of Civ.R. 45(C)(3). Such a view would be a fiction, for the Ohio court would not have considered the substance of the subpoena and truly would not have been the court to issue the subpoena in the first instance.

{¶18} We see no reason to overrule this court's precedent concerning the domestication of foreign subpoenas. This court is merely exercising its functions to assist and implement in this jurisdiction, the mandate of the Florida trial court. *See Fischer*; *In the matter of Shea, Gould, Climenko & Casey v. Simpson Thacher & Bartlett*, 98 Misc.2d 484, 414 N.Y. S.2d 80 (N.Y.Sup. Ct. 1979). Since the trial will be held in Florida, the admissibility of evidence and rulings in connection therewith (including the

asserted claim of privilege) will all be determined by the Florida court. Any issues regarding privilege, admissibility and undue burden should be decided by the Florida trial court.

{¶19} Accordingly, we overrule appellants' second and third assigned errors.

{¶20} In their fourth assigned error, appellants argue the trial court erred when it failed to transfer this matter to the commercial docket of Judge John P. O'Donnell. For the reasons that follow, we overrule appellants' assigned error.

{¶21} Appellants claim that this case should have been transferred to the commercial docket of Judge O'Donnell because this matter is a commercial case and it is related to a matter that was pending before Judge O'Donnell, *Rome v. Seidelmann.* We disagree.

{¶22} This matter is a petition brought under Ohio's Uniform Deposition Act, R.C. 2319.09. In the underlying action in Florida, the plaintiffs and defendants (Wade and Kathleen Rome) agreed to the discovery that gave rise to the instant petition. Thus, as stated above, the trial court's function in connection with this petition brought pursuant to R.C. 2319.09 is to enforce the attendance of witnesses and/or production of documents under properly issued subpoenas. *See Fischer.*

{¶23} While the underlying lawsuit is commercial in nature, its character is not the proper subject of any arguments to be considered by the trial court in the present case. *See* Sup.R. 49.05 and 49.06. Given the limited role of the trial court in handling

petitions brought pursuant to R.C. 2319.09, it is clear that this case did not belong on the commercial docket. Additionally, we find the instant case is not related to the now inactive case of *Rome v. Seidelmann.*

**{¶24}** Appellants' fourth and final assignment of error is overruled.

**{¶25}** The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EILEEN A. GALLAGHER, JUDGE

MELODY J. STEWART, A.J., and
LARRY A. JONES, SR., CONCUR