[Cite as *Jones v. Natural Essentials, Inc.*, 2018-Ohio-5071.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| TERESA JONES, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellants, | : | |
| - vs - | : | **CASE NO. 2018-P-0010** |
| NATURAL ESSENTIALS, INC., | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2014 CV 00215.

Judgment: Affirmed.

*Natalie F. Grubb* and *Mark E. Owens*, Grubb & Associates, L.P.A., 437 West Lafayette Road, Suite 260-A, Medina, OH 44256 (For Plaintiffs-Appellants).

*Todd H. Lebowitz* and *Kyle T. Cutts*, Baker & Hostetler, LLP, Key Tower, 127 Public Square, Suite 2000, Cleveland, OH 44114 (For Defendant-Appellee).

DIANE V. GRENDELL, J.

{¶1} Plaintiffs-appellants, Teresa Jones, Kevin Jones, and Robert Lovejoy, appeal from the judgment of the Portage County Court of Common Pleas, ordering the payment of attorney's fees and other sanctions to defendant-appellee, Natural Essentials, Inc. The issues to be determined by this court are whether leaving a deposition because the notice did not state solely that it would be videotaped rather than stenographically recorded is sanctionable; whether an affidavit of attorney's fees is sufficient to support such an award as a frivolous conduct sanction; whether an affidavit

stating payment of a court reporter's invoice had been made is sufficient to award the reporter's fees as a discovery sanction; and whether multiple failures to provide discovery, both in response to the defendant's requests and court orders, is sanctionable conduct under R.C. 2323.51 and Civ.R. 11. For the following reasons, we affirm the judgment of the lower court.

{¶2} On March 14, 2014, the appellants filed a Complaint in the Portage County Court of Common Pleas against Natural Essentials, alleging wrongful termination in relation to a workers' compensation matter. Natural Essentials filed an Answer on May 27, 2014.

{¶3} Natural Essentials filed a Motion to Compel Lovejoy and Kevin Jones to respond to written discovery requests on September 23, 2014. Pursuant to the Motion, Natural Essentials had served requests for interrogatories, production of documents, and admissions on July 14, 2014, following up with multiple letters to opposing counsel. An e-mail response received on September 12, 2014, which "purport[ed] to attach responses" to discovery requests, contained only documents from an unrelated case.

{¶4} On September 23, 2014, appellants filed a request for leave to file untimely responses to the Requests for Admissions, stating that a response had been submitted on or about September 10 and asserting that the delay in responding resulted from lead counsel's departure from the firm. Appellants also filed a Memorandum in Opposition to the Motion to Compel, arguing that discovery had been sent via e-mail to Natural Essentials on September 25, 2014. Natural Essentials responded that it had received only inadequate responses from Lovejoy and none were received in relation to Kevin Jones.

2

{¶5} A December 1, 2014 Magistrate's Order granted the Motion to Compel in part and set forth certain items appellants must provide to Natural Essentials within 30 days.

{¶6} On December 4, 2014, appellants filed a Motion for Protective Order, arguing that they appeared for scheduled depositions but declined to participate because they had not been provided notice that the depositions were to be videotaped.

{¶7} Natural Essentials filed a Motion to Compel Plaintiffs to Testify and Motion for Sanctions on December 9, 2014, and a Brief in Opposition to the Motion for Protective Order on December 10, 2014. These filings contended that the notices informed the appellants there would be a video deposition, but the appellants "walked out" of the depositions rather than be taped. The transcript of the "attempted deposition" included appellants' counsel's objection to the notice, which she deemed inadequate, as well as her statement that appellants would provide testimony in front of the stenographer or submit to a videotaped deposition the following day "provided that defendant modify [its] notice," which Natural Essentials refused. Natural Essentials attached a copy of an invoice from the court reporter/videographer, David Tackla, for fees in the amount of $1,701.40.

{¶8} On December 12, 2014,[1] the court issued an Order granting the Motion to Compel, finding that there had been proper notice of the video depositions and the appellants' actions "were unreasonable and obstructionist, constitute sanctionable discovery misconduct, and warrant appropriate relief under Rule 37(D)." Appellants and

---

1. For the sake of clarifying the record, an Order that is identical with the exception of the date and signature was also filed on December 17, 2014, for reasons that are not evident.

counsel were ordered to pay $1,701.40 in deposition-related fees, as well as defense counsel's preparation costs and costs for filing related motions and responses.

**{¶9}** On January 7, 2015, Natural Essentials filed a Motion to Dismiss Due to Plaintiffs' Continuing Discovery Misconduct, contending that the appellants had failed to comply with orders to provide discovery and pay the Tackla invoice. On January 20, 2015, the appellants filed a Notice of Dismissal without Prejudice, dismissing all claims.

**{¶10}** Natural Essentials filed a February 12, 2015 Motion to Enforce the December 12, 2014 sanctions. On the same date, it filed a Motion to Impose Sanctions for Frivolous Conduct and Other Litigation Misconduct. Appellants filed a brief in opposition.

**{¶11}** A hearing was held on the foregoing motions on July 30-31, 2015. The following pertinent testimony and exhibits were presented:

**{¶12}** Following his opening argument, Natural Essentials' attorney, Todd Lebowitz, presented a Summary of Fees and an attached affidavit for fees arising from the alleged frivolous conduct, and affirmed that the affidavit was accurate. The fees totaled $49,637.66 after a 10 percent discount. The court admitted this as an exhibit.

**{¶13}** All three plaintiffs, Teresa Jones, Kevin Jones, and Robert Lovejoy, testified that they had not been advised by counsel that the depositions would be videotaped, although they would have gone forward with a stenographic deposition. Kevin Jones and Lovejoy both testified that they answered the interrogatories and requests for documents to the best of their ability and submitted them to counsel.

**{¶14}** Monique George, the office manager at Grubb and Associates, counsel for appellants, testified that the attorney who had been handling the present matter left the

4

firm around the time the request for discovery was made in July 2014, which resulted in a failure to review the requests until August 2014. George admitted she mistakenly e-mailed documents from another case to opposing counsel rather than the answers to the request for admissions. The correct documents were never provided since Lebowitz sent an e-mail stating it was unnecessary to respond as the matters had already been deemed admitted.

{¶15} Jessica Bartolozzi, an attorney at Grubb and Associates, testified that she attempted to e-mail the interrogatories and requested documents from Kevin Jones and Lovejoy to opposing counsel on September 25, 2014, but mistakenly failed to add opposing counsel's e-mail address for Jones' documents, resending the e-mail on October 10. After the Magistrate's Order requiring discovery, she provided the necessary documents to the court but failed to realize they also must be provided to defense counsel. After she was alerted to the error, the documents still were not sent to opposing counsel.

{¶16} Patricia Lowery, who practices law in her firm in Medina, opined that the hourly rate of $455 to $475 charged by Natural Essentials' counsel was not a reasonable hourly rate. She also believed the time expended drafting the motions at issue was unreasonable.

{¶17} Jon Jastromb, a videographer in Northeast Ohio, testified that he typically does not charge for videography work that is scheduled but not completed, with the exception of his set-up fee.

{¶18} In an August 31, 2015 decision, the magistrate found "a course of unprofessional conduct," which "unreasonably and substantially impaired Natural

5

Essentials' ability to defend itself in this litigation." It found the December 12, 2014 order should be enforced and ordered appellants and attorney Grubb to pay $10,000 in attorney's fees pursuant to R.C. 2323.51 and Civ.R. 11. On the same date, the court adopted the decision.

{¶19} Appellants subsequently filed Objections to Magistrate's Decision, which were overruled, and a Motion for Findings of Fact and Conclusions of Law. On January 4, 2018, the magistrate issued Findings of Fact and Conclusions of Law, finding that "the record in this case is rife with examples of actions (or inactions) on the part of Plaintiffs' counsel which amount to refusal to cooperate with Defendant's efforts to conduct discovery in the case," including the failure to go forward with the depositions and failure to provide all discovery that was ordered by the court. Subsequent objections filed by appellants were overruled.

{¶20} On appeal, appellants raise the following assignments of error:

{¶21} "[1.] The trial court abused its discretion in finding that appellants 'walked out' of their depositions.

{¶22} "[2.] The trial court erred as a matter of law in failing to find that appellants have a good faith basis under existing Ohio law for requiring proper notice of video depositions.

{¶23} "[3.] The trial court erred as a matter of law by relying on evidence submitted outside of the sanctions hearing and in awarding $10,000 in legal fees without admissible evidence.

{¶24} "[4.] The trial court abused its discretion by awarding Tackla's purported fees for the cancelled depositions.

6

**{¶25}** "[5.] The trial court abused its discretion in finding that appellants' counsel made knowingly false representations to the trial court or engaged in frivolous conduct under R.C. 2323.51.

**{¶26}** "[6.] The trial court erred in awarding Rule 11 sanctions against appellants."

**{¶27}** The first and second assignments of error will be addressed jointly, as they relate to appellants' contention that they properly refused to participate in the depositions since the notice was not sufficient to permit videotaping.

**{¶28}** Pursuant to Civ.R. 37(D)(1)(a)(i) "a court may, on motion, order sanctions if * * * [a] party or party's officer, director, or a managing agent or a person designated under Civ.R. 30(B)(5) or Civ.R. 31(A) fails, after being served with a proper notice, to appear for that person's deposition." This court has held that "[a] trial court has considerable latitude in imposing sanctions for discovery violations and a trial court's decision on a discovery violation will not be reversed absent a showing of an abuse of discretion." (Citations omitted.) *Bd. of Trumbull Twp. Trustees v. Rickard*, 2017-Ohio-8143, 98 N.E.3d 800, ¶ 55 (11th Dist.).

**{¶29}** There is no question that the appellants failed to participate in videotaped depositions sought by Natural Essentials, pursuant to the direction of counsel. Appellants fail to cite authority for the proposition that their refusal to participate is not the equivalent of failure to appear, as it had the same consequence of not attending the deposition in the first instance. *See E.I. DuPont de Nemours & Co., Inc. v. Thompson*, 29 Ohio App.3d 272, 276, 504 N.E.2d 1195 (8th Dist.1986) ("[a]s a practical matter, failing to appear at a deposition, and appearing but refusing to answer are equivalent").

7

Although the appellants take issue with the characterization of their conduct as "walking out," the wording used is of little relevance. The court accurately described the facts surrounding this incident in finding this conduct sanctionable under Civ.R. 37(D)(1)(a)(i).

{¶30} In relation to the appellants' contention that they were excused from participation due to lack of notice that the deposition would be videotaped, Civ.R. 30(B)(3) requires: "If a party taking a deposition wishes to have the testimony recorded by other than stenographic means, the notice shall specify the manner of recording, preserving, and filing the deposition."

{¶31} Here, notices were provided to the appellants that the depositions would be recorded "stenographically and/or on video." Although the appellants contend that the notices were "ambiguous and unclear as to whether video was the chosen method of recording," there was no reason for the appellants or their counsel to be unaware that a videotaped deposition may take place given the word "video" was included in the notice.

{¶32} The appellants also argue that the notices lacked compliance with the Rules of Superintendence. Pursuant to Sup.R. 13(A)(2), "[n]otice is sufficient if it specifies that the videotape deposition is to be taken pursuant to the provisions of this rule." The Rule's commentary provides that it "is necessary in the notice to merely make reference to Rule 13 to satisfy the requirements of Civ.R. 30(B)(3)." While the notices did not include such reference, noncompliance with the Rules of Superintendence does not warrant reversal, since they "are not the equivalent of rules of procedure[,] * * * have no force equivalent to a statute," and "create no rights in individual defendants." *Habo v. Khattab*, 11th Dist. Portage No. 2012-P-0117, 2013-

8

Ohio-5809, ¶ 84, citing *State v. Gettys*, 49 Ohio App.2d 241, 243, 360 N.E.2d 735 (3d Dist.1976).

{¶33} Finally, the appellants contend that a one-day delay in taking the depositions, since they offered to complete video depositions the next day if given what they deemed to be proper written notice, should not constitute sanctionable discovery misconduct. However, sanctions are specifically permitted for the failure to appear for a deposition under Civ.R. 37(D)(1)(a)(i) and it is evident from the record that costs were expended in relation to the decision not to participate.

{¶34} The first and second assignments of error are without merit.

{¶35} We will consider the remaining assignments of error out of order for ease of discussion. In their fourth assignment of error, the appellants argue that the trial court abused its discretion by awarding the videographer/court reporter, David Tackla, fees for the aforementioned depositions since his invoice was not authenticated by any witness, nor did any witness appear at the sanctions hearing to do so.

{¶36} It is evident from the record that the initial award of Tackla's fees was made on December 12, 2014, without a hearing, based upon Natural Essentials' motion and an attached invoice from Tackla. This court dismissed an appeal from that order as non-final. *Jones v. Natural Essentials, Inc.*, 11th Dist. Portage No. 2015-P-0005, 2015-Ohio-1073. Natural Essentials subsequently filed its motions requesting sanctions for frivolous conduct, as well as to enforce the prior judgment ordering Tackla's fees, which gave rise to the sanctions hearing. At that hearing, the court accepted additional evidence as to Tackla's deposition fees, allowing the appellants to contest their reasonableness including testimony for the appellants in relation to whether it was

9

reasonable to bill for a deposition that did not go forward. Following the hearing, the court again ordered payment of the deposition fees, although it gave 30 days to pay rather than the seven days previously ordered.

{¶37} Typically, as described above, an abuse of discretion applies in reviewing discovery sanctions. *Rickard*, 2017-Ohio-8143, at ¶ 55. Natural Essentials contends that appellants did not contest the authenticity of the invoice upon the initial award of sanctions, which is accurate. Appellants did object following the sanctions hearing, at which the matter had again been presented to the court for review. In any event, even presuming there was not an adequate initial objection, the issue of authenticity can still be raised before this court, although evaluated under a plain error standard. *Midland Funding LLC v. Farrell*, 1st Dist. Hamilton No. C-120674, 2013-Ohio-5509, ¶ 9; *Mentor Economic Assistance Corp. v. Eichels*, 2016-Ohio-1162, 61 N.E.3d 670, ¶ 24 (11th Dist.).

{¶38} We note that there was no initial affidavit submitted regarding the authenticity of Tackla's invoice. However, at the hearing on sanctions, wherein the amount of these fees was disputed, the defendant's attorney's affidavit attested that Tackla had billed the amount of $1,701.40 and that this amount had been paid by Natural Essentials. To the extent that the appellants contest authenticity, that is refuted by the affidavit asserting these fees were in fact billed and paid. While this was not initially presented, it appears that both sides were permitted by the court to present additional evidence on this particular discovery sanction at the frivolous conduct/motion to enforce hearing and, as such, we find it acceptable to support the court's award of deposition fees. *See E.I. DuPont*, 29 Ohio App.3d at 277, 504 N.E.2d 1195 (finding

10

fees pursuant to a motion for discovery sanctions were appropriate when an affidavit supported the award).

{¶39} The appellants also argue that the testimony from another stenographer, Jastromb, demonstrated that it is common practice within the industry to charge only for set up and time actually expended taking a deposition. However, Jastromb testified only as to what *his* practice was, was not qualified as an expert, and conceded that other videography firms charge different amounts. Thus, we find no error in the court's determination that it was reasonable for Tackla to charge for the entirety of time the video deposition had been scheduled.

{¶40} The fourth assignment of error is without merit.

{¶41} We will next consider the fifth and sixth assignments of error. In their fifth assignment, the appellants argue that the trial court abused its discretion in finding there was frivolous conduct or knowingly false representations made to the court, pursuant to R.C. 2323.51 and Civ.R. 11, as all discovery issues occurred due to clerical errors. In their sixth assignment, they assert that there was no evidence of "subjective bad faith" necessary to prevail under Civ.R. 11.

{¶42} When evaluating a claim of frivolous conduct under R.C. 2323.51, the court must consider whether there is a factual or a legal issue. To the extent that the issue is a factual determination, "e.g. whether a party engages in conduct to harass or maliciously injure another party," we accord "substantial deference" to the trial court's findings of fact and review them under an abuse of discretion standard. All legal questions are reviewed de novo. *Curtis v. Hard Knox Energy, Inc.*, 11th Dist. Lake No. 2005-L-023, 2005-Ohio-6421, ¶ 15. The same standard applies to Civ.R. 11 cases.

11

*Fast Property Solutions, Inc. v. Jurczenko*, 11th Dist. Lake Nos. 2012-L-015 and 2012-L-016, 2013-Ohio-60, ¶ 57.

{¶43} R.C. 2323.51(B)(1) provides that "any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action * * *." Frivolous conduct includes conduct by a party that "obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation." R.C. 2323.51(A)(2)(a)(i).

{¶44} Civ.R. 11 provides that an attorney's signature on a pleading, motion, or document constitutes a certificate that the attorney has "read the document; that to the best of the attorney's * * * knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay." In determining whether there is a violation of Civ.R. 11, the courts apply a "subjective bad-faith standard" which is met when a violation is found to be "willful." *Fast Property* at ¶ 53. In contrast, R.C. 2323.51 does not require a showing of willfulness. *Chapman v. Chapman*, 11th Dist. Lake No. 2015-L-039, 2015-Ohio-4833, ¶ 48.

{¶45} Here, the trial court found sanctions to be warranted under both R.C. 2323.51 and Civ.R. 11. There were several grounds provided in the record and described in the court's judgments to support a finding of, at the very least, frivolous conduct. During the discovery process, there were multiple occasions of unnecessary delay caused by the actions of the appellants, including their failure to provide discovery for two months, failure to exercise any care in attaching the correct discovery

12

documents to e-mails and to send them to appropriate parties, and failure to ensure communications requesting discovery were reviewed and complied with in a timely manner. The appellants also refused to participate in a deposition for which they had appropriate notice. Perhaps most significantly, the appellants failed to comply with multiple court orders to pay sanctions and to provide specific items of discovery by the set deadline. At the time the appellants chose to voluntarily dismiss their claims, they had complied with neither of the court's discovery orders.

{¶46} All of this conduct delayed discovery and resulted in Natural Essentials having to expend excessive time sending requests and reminders to opposing counsel and filing motions with the court seeking compliance. We do not find an abuse of discretion in the court's determination that the appellants' actions amounted to frivolous conduct. *Chapman* at ¶ 38 ("[b]ecause the trial judge has observed the proceedings and is most familiar with the parties, their counsel and the basis for their actions, that court's finding of frivolous conduct is entitled to 'substantial deference upon review'") (citation omitted). Awards of sanctions for frivolous conduct under R.C. 2323.51 have been upheld in similar circumstances. *See Giles v. Cent. Ohio Technical College*, 5th Dist. Licking No. 07CA69, 2008-Ohio-3428, ¶ 64 (failure to comply with discovery requests and provide documents pursuant to an agreed order, as well as giving inconsistent answers regarding existing documents, caused unnecessary delay that warranted sanctions); *also Bowling v. Stafford & Stafford Co., L.P.A.*, 1st Dist. Hamilton No. C-090565, 2010-Ohio-2769, ¶ 15 (where the documents requested were not produced despite the court granting a motion to compel, the parties cancelled multiple depositions, and counsel failed to serve documents on the opposing party, this

13

constituted sanctionable conduct).

{¶47} To the extent that the appellants argue the conduct was not sanctionable under Civ.R. 11, since there was no evidence of "subjective bad faith," we emphasize that false or inaccurate statements appear to have been made in documents filed by the appellants regarding whether discovery was provided, and that court orders were disobeyed, both of which could be construed as bad faith actions. Regardless, we note that the court found sanctions were appropriate under both Civ.R. 11 and R.C. 2323.51. Even presuming no bad faith existed, there were still grounds for sanctions under R.C. 2323.51 for all of the conduct at issue here, which led to the filing of multiple motions to compel and enforce court orders, justifying the award against the appellants. *See Chapman* at ¶ 48 (where an award made pursuant to R.C. 2323.51 and Civ.R. 11 was challenged, the appellate court upheld the award as justified under R.C. 2323.51).

{¶48} The fifth and sixth assignments of error are without merit.

{¶49} Finally, in their third assignment of error, the appellants argue that the lower court erred by awarding attorney's fees for the foregoing conduct by relying on evidence submitted outside of the sanctions hearing.

{¶50} "[W]here a trial court has determined a party has engaged in frivolous conduct, the decision to assess a penalty lies within the sound discretion of the trial court." *Lozada v. Lozada*, 11th Dist. Geauga No. 2012-G-3100, 2014-Ohio-5700, ¶ 14.

{¶51} The appellants argue that since there was no testimony given by defense counsel or any other defense witness regarding attorney's fees, the court had to rely on records attached to sanctions motions to determine the amount awarded, which is

14

improper under *Pisanick-Miller v. Roulette-Pontiac Cadillac GMC, Inc.*, 62 Ohio App.3d 757, 761, 577 N.E.2d 446 (11th Dist.1991). In reviewing the evidence presented in this matter, we disagree.

{¶52} "[A] hearing is required by R.C. 2323.51(B)(2) before a court can grant an award of attorney fees." (Emphasis omitted.) *Dennison v. Lake Cty. Commrs.*, 11th Dist. Lake No. 2013-L-097, 2014-Ohio-4295, ¶ 15. Here, there is no question that a hearing was held. At that hearing, defendant's counsel referenced prior filings relating to his fees which had been attached to the Motion to Impose Sanctions, presented into evidence a Summary of Fees and Expenses and accompanying affidavit attesting to the accuracy of the fees charged, stated that he affirmed those were his fees, and volunteered to be cross-examined as to the fees (which did not occur). Following the hearing, a supplement with additional fees was provided. The court accepted the Summary of Fees and Expenses into the record as an exhibit.

{¶53} While it is accurate that Attorney Lebowitz did not testify at the hearing, we find the detailed records of the fees submitted to be sufficient to support the court's award of sanctions. This court has found that, while generally submitting an attorney's bill is insufficient to establish the reasonableness of fees, when the statement "included itemized notations of the activities for which he was billing, all of which related to the defense of the" specific matter for which fees were sought, the detailed fee statement was sufficient to permit the court "to render an informed opinion regarding the reasonableness of the fees." *Lozada,* 2014-Ohio-5700, ¶ 60-61. Similarly, this court has held that an award of attorney's fees supported by a fee statement submitted into evidence at a hearing on a motion for sanctions provided "competent, credible evidence

15

that supports the award of attorney fees made by the trial court." *Kucharski v. Weakland*, 11th Dist. Portage No. 2001-P-0020, 2002-Ohio-5156, ¶ 23.

**{¶54}** The Summary of Fees lists each motion filed and the corresponding fees, referencing (but not attaching) pertinent exhibits for each motion that had been previously presented with the Motion to Impose Sanctions, which provided more detailed breakdowns of the specific tasks performed, including research undertaken, telephone conversations, time spent drafting each motion, and time spent reviewing and proofreading motions. From the Summary and exhibits previously presented, it is evident that the court was able to conduct a thorough review of all costs expended and the amount of time spent on each relevant task.

**{¶55}** To the extent that *Pisanick* is cited by appellants for the proposition that evidentiary materials submitted with motions cannot be considered, we emphasize that the Summary of Fees and attached affidavit were submitted at trial and accepted into the record. We note that in *Pisanick*, this court held that "a motion for attorney fees under R.C. 2323.51 must be decided solely upon the evidence presented at the hearing, not upon evidentiary materials submitted with the motion or otherwise." *Id.* at 761. However, we do not believe *Pisanick* should preclude consideration of the exhibits referenced in the Summary of Fees. The affidavit submitted at the hearing attests to the fact that all submitted fee records were an accurate accounting of the work undertaken. Further, *Pisanick* has been distinguished in situations where supporting documentation was presented *prior* to the hearing on fees, since *Pisanick*'s reversal was based, at least in part, on the fact that the opposing party had no opportunity to rebut documents presented *after* the hearing. *Reddy v. Singh*, 3d Dist. Marion No. 9-14-29, 2015-Ohio-

16

1180, ¶ 65 ("we cannot find that the trial court erred in using the evidence already contained in the record [from motions for frivolous conduct] to make its decision on frivolous conduct in this case"). Further, subsequent to *Pisanick* this court has stated that courts "may not rely *exclusively* on what has or has not been submitted with the motion itself." (Emphasis added.) *Cic v. Nozik*, 11th Dist. Lake No. 2000-L-117, 2001 WL 822465, *2 (July 20, 2001). We find no reason why the totality of the information included in the record in the present case could not be considered by the trial court in light of the affidavit supporting the contention that the billing was true and accurate.

{¶56} Appellants also argue that, pursuant to Attorney Lowery's testimony, the rate charged and amount of time expended by Lebowitz were unreasonable. We do not find this to warrant reversal. Defense counsel requested fees in the amount of $49,637.66, but the court awarded only $10,000. When awarding attorney's fees, the trial court should calculate the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate, and then may modify the amount by applying reasonableness factors, which include, inter alia, time required to perform the service properly, the customary fee in the locality, and the experience of the lawyer. *Lozada*, 2014-Ohio-5700, at ¶ 54-55, citing *Bittner v. Tri-County Toyota, Inc.*, 58 Ohio St.3d 143, 145, 569 N.E.2d 464 (1991). In reaching its ultimate award, the lower court clearly took into account Lowery's testimony and arrived at an award that was much lower than had been requested. We do not find a ground for interfering with the court's authority to award attorney's fees since the amount is not "so high or so low as to shock the conscience." *Bittner* at 146.

{¶57} The third assignment of error is without merit.

{¶58} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas is affirmed. Costs to be taxed against appellants.


COLLEEN MARY O'TOOLE, J., concurs in judgment only,

THOMAS R. WRIGHT, P.J., concurs with a Concurring Opinion.


_____


THOMAS R. WRIGHT, P.J., concurs with a Concurring Opinion.

Because appellants did not object to or oppose the admission of counsel's affidavit and fee summary, otherwise inadmissible via Evid.R. 802, Evid.R. 801(C), and Evid.R. 901(A), I concur.